UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| *IN RE: BLACKHAWK NETWORK DATA BREACH LITIGATION*<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 3:22-cv-07084-CRB<br><br>**[PROPOSED] FINAL APPROVAL ORDER**<br><br>Complaint Filed: November 11, 2022 |

WHEREAS, the Court, having considered the Settlement Agreement filed November 3, 2023 (the "Settlement") between and among Named Plaintiffs Steven Pryor, Shane Scheib, Sabrina Singleton, Sylvia Cortez, Brian O'Connor, and Kelly Rogers (collectively "Plaintiffs"), individually and on behalf of the Settlement Class, and Defendant Blackhawk Network Inc. d/b/a Blackhawk Engagement Solutions ("Blackhawk" or "Defendant") (collectively, the "Parties"), having considered the Court's Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"), having held a Final Approval Hearing on April 5, 2024, having considered all of the submissions and arguments with respect to the Settlement, and otherwise being fully informed, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. Plaintiffs' Motion for Final Approval of Class Action Settlement is **GRANTED**.

2. This Order incorporates herein and makes a part hereof, the Settlement (including its exhibits) and the Preliminary Approval Order. Unless otherwise provided herein, the terms defined in the Settlement and Preliminary Approval Order shall have the same meanings for purposes of this Order.

3. The Court has personal jurisdiction over Plaintiffs, the Settlement Class Members, and Defendant for purposes of this settlement, and has subject matter jurisdiction over this matter including,

without limitation, jurisdiction to approve the Settlement, confirm certification of the Settlement Class for settlement purposes only, to settle and release all claims released in the Settlement, and to dismiss the Action with prejudice.

## I.   CERTIFICATION OF THE SETTLEMENT CLASS

4.   Based on its review of the record, including the Settlement, all submissions in support of the Settlement, and all prior proceedings in the Action, the Court finally certifies the following Settlement Class and California Settlement Subclass (collectively, the "Settlement Class") for settlement purposes only:

> All individuals whose Personally Identifiable Information or payment card information (which includes a card account number, the CVV or CVV2 number or equivalent, and/or expiration date) was impacted in Blackhawk Network, Inc.'s Data Security Incident.

> All residents of California whose Personally Identifiable Information or payment card information (which includes a card account number, the CVV or CVV2 number or equivalent, and/or expiration date) was impacted in Blackhawk Network, Inc.'s Data Security Incident.

5.   Excluded from the Settlement Class are: (i) Defendant and its respective officers and directors; (ii) the Judge(s) to whom the action is assigned and any member of those Judges' staffs or immediate family members; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

6.   Excluded from the California Settlement Subclass are: (i) any judge or magistrate judge presiding over this Action, members of their staff, and members of their immediate families; (ii) the Released Parties; (iii) persons who properly execute and file a timely request for exclusion from the Settlement Class; (iv) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (v) counsel for Blackhawk; and (vi) the legal representatives, successors, and assigns of any such excluded persons.

7. Also excluded from the Settlement Class are those persons identified in **Exhibit #** hereto, each of whom submitted a timely and valid request for exclusion from the Settlement Class prior to the Opt-Out Deadline. Such persons shall not receive the benefits of the Settlement and shall not be bound by this Order.

8. For settlement purposes only, with respect to the Settlement Class, the Court confirms that the prerequisites for a class action pursuant to Federal Rule of Civil Procedure 23 have been met, in that: (a) the Settlement Class is so numerous that joinder of all individual Settlement Class members in a single proceeding is impracticable; (b) questions of law and fact common to all members of the Settlement Class predominate over any potential individual questions; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and proposed Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is the superior method to fairly and efficiently adjudicate this controversy. Any objections to the Settlement have been considered and are hereby overruled.

## II.   NOTICE TO THE SETTLEMENT CLASS

9. The Court finds that Notice has been given to the Settlement Class in the manner directed by the Court in the Preliminary Approval Order. The Court finds that such Notice: (i) was reasonable and constituted the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the Settlement including its Releases, their right to exclude themselves from the Settlement Class or object to all or any part of the Settlement, their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of final approval of the Settlement on all persons who do not exclude themselves from the Settlement Class; (iii) constituted due, adequate, and sufficient notice to all persons or

entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), and any other applicable law.

10. Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated within the time required by 28 U.S.C. § 1715, and that ninety (90) days has passed without comment or objection from any governmental entity.

### III. FINAL APPROVAL OF THE SETTLEMENT

11. The Court finds that the Settlement resulted from arm's-length negotiations between Class Counsel and Defendant.

12. The Court hereby finally approves in all respects the Settlement as fair, reasonable, and adequate, and in the best interest of the Settlement Class.

13. The Court finds that Plaintiffs and Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the Settlement.

14. The Parties shall consummate the Settlement in accordance with the terms thereof. The Settlement, and each and every term and provision thereof, including its Releases, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

### IV. DISMISSAL OF CLAIMS AND RELEASE

15. The Action is hereby dismissed with prejudice as to all Parties including the Settlement Class and without cost to any party, except as otherwise provided herein or in the Settlement.

16. Upon the Effective Date, and in consideration of the settlement relief and other consideration described herein, each of the Settlement Class Representative and Participating Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns, present and former ("Releasing Parties"), shall be deemed

to have, and by operation of this Order, shall have fully, finally, and forever released, acquitted, relinquished, and completely discharged Blackhawk and its present and former predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, advisors, consultants, representatives, insurers, reinsurers, Blackhawk and the predecessors, successors, and assigns of any of the foregoing (collectively, the "Released Persons") from any and all Released Claims, including but not limited to any state law or common law claims that the Releasing Parties may have or had, such as under California's Customer records Act, Cal. Civ. Code § 1798.80, *et seq.* and/or California's Consumer Privacy Act, Cal. Civ. Code § 1798.100, *et seq.* Each Party expressly waives all rights under California Civil Code section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY

The Releasing Parties also waive the provisions and rights of any law(s) that are comparable in effect to California Civil Code section 1542 (including, without limitation, California Civil Code § 1798.80, *et seq.*, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11). The Releasing Parties also shall not, directly or indirectly, individually or in concert with another, maintain, cause to be maintained, or voluntarily assist in maintaining any further demands, actions, claims, lawsuits, arbitrations, or similar proceedings, in any capacity whatsoever, against any of the Released Parties based on any of the Released Claims.

17. For purposes of this Final Approval Order, "Released Claims" means any and all actual, potential, filed, unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations, whether in law or in equity,

accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, based on any federal, state, local, statutory or common law or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act relating to the Data Security Incident, including all claims relating to the Data Security Incident that were brought or could have been brought in the Action belonging to any and all Releasing Parties. Released Claims shall not include the right of any Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement and shall not including the claims of any person who has timely excluded themselves from the Class.

18. Upon entry of this Final Approval Order, the Settlement Class Representatives and other Participating Settlement Class Members are enjoined from prosecuting any Released Claims in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by the Settlement or by this Final Approval Order. Likewise, Ethos and its representatives, officers, agents, directors, affiliates, employees, insurers, and attorneys shall be enjoined from prosecuting any claim they have released in the Settlement in any proceeding against the Settlement Class Representative and Class Counsel or based on any actions taken by the Settlement Class Representative and Class Counsel that are authorized or required by the Settlement or by this Final Approval Order. The Settlement may be pleaded as a complete defense to any claim or proceeding described in this Paragraph.

V. **ATTORNEYS' FEES, COSTS, AND EXPENSES AND REPRESENTATIVE PLAINTIFFS' SERVICE AWARD**

19. The Court awards attorneys' fees of $[TBD] and reimbursement of costs and expenses in the amount of $[TBD], totaling $[TBD], and payment of a service award in the amount of $[TBD] to Plaintiffs. The Court directs the Settlement Administrator to pay such amounts in accordance with the terms of the Settlement. Class Counsel, in their sole discretion to be exercised reasonably, shall allocate

and distribute the attorneys' fees, costs, and expenses awarded by the Court among Plaintiffs' counsel of record in the Action.

## VI. OTHER PROVISIONS

20. Without affecting the finality of this Final Approval Order in any way, the Court retains continuing and exclusive jurisdiction over the Parties and the Settlement Class for the purpose of consummating, implementing, administering, and enforcing all terms of the Settlement.

21. Nothing in this Final Approval Order, the Settlement, or any documents or statements relating thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendant.

22. In the event the Effective Date does not occur, this Final Approval Order shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement, this Order and all orders entered in connection herewith shall be vacated and null and void, the Parties shall be restored to their respective positions in the Action, all of the Parties' respective pre-Settlement claims and defenses will be preserved, and the terms and provisions of the Settlement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement shall be treated as vacated, *nunc pro tunc*.

**IT IS SO ORDERED.**

Dated: _____

HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT COURT JUDGE