ARAVIND SWAMINATHAN (*admitted pro hac vice*)
aswaminathan@orrick.com
REBECCA HARLOW (STATE BAR NO. 281931)
rharlow@orrick.com
THOMAS FU (STATE BAR NO. 325209)
tfu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

Attorneys for Defendant
Blackhawk Network, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| *IN RE: BLACKHAWK NETWORK DATA BREACH LITIGATION* | Case No. 3:22-cv-07084-CRB |
| This Document Relates to All Cases | **DEFENDANT BLACKHAWK NETWORK, INC.'S RESPONSE TO OBJECTIONS TO SETTLEMENT** |
| | Date:      May 3, 2024<br>Time:      11:30 a.m.<br>Judge:     Hon. Charles R. Breyer |

This class action lawsuit arises from a September 2022 data breach that impacted data associated with certain prepaid cards administered by Blackhawk Network. Plaintiffs filed a motion for final approval of the settlement reached in this matter on March 22, 2024, following a successful settlement administration process managed by Angeion.  ECF No. 50.  On April 16, 2024, Miriam "Mabel" Brown filed an objection with this Court on the grounds that she had not received notice of the settlement, as well as additional complaints about the substance of the agreement.  ECF No. 53.  On April 19, 2024, David Lopez filed a similar objection, asserting that he too had not been notified of the settlement and that he found it unfair.  ECF No. 54.  Both are untimely because they were submitted after the March 14, 2024 deadline. ECF No. 48 at 9.  Regardless, the Court should overrule those objections because neither Ms. Brown nor Mr. Lopez is a class member entitled to object to the class settlement proposal.

## I.      THE OBJECTORS ARE NOT CLASS MEMBERS

The Data Security Incident at the root of this litigation occurred in September 2022 and affected 165,727 individuals who were managing their prepaid payment cards via the website www.myprepaidcenter.com.  Blackhawk provided notice of the Data Security Incident to those who had affected prepaid cards in October 2022.  On December 15, 2023, the Court preliminarily certified for settlement purposes a class of "All individuals whose Personally Identifiable Information or payment card information (which includes a card account number, the CVV or CVV2 number or equivalent, and/or expiration date) was impacted in Blackhawk Network, Inc.'s Data Security Incident."  ECF No. 48 at 2.  Blackhawk provided the list of affected individuals to whom notice had been sent to the settlement administrator Angeion.  *See* Decl. of Omeikiea Loranzano of Angeion Group, LLC re: Notice & Administration, ECF No. 50-1, ¶ 4.  Angeion used that list to send notice of the class settlement to class members along with a reminder notice.  *Id.* ¶¶ 5–12.  Both Ms. Brown and Mr. Lopez complain in their Objections that they received neither the 2022 incident notice nor the notices sent by the settlement administrator.  *See* ECF Nos. 53, 54.

Ms. Brown and Mr. Lopez claim that they did not receive timely notice of the settlement

1   prior to the March 14 deadline,[1] but that is because they are not members of the class entitled to

2   notice or to submit objections. Ms. Brown and Mr. Lopez did not receive any notices because their

3   respective prepaid cards (and associated data) were not impacted in the above-described Data

4   Security Incident; thus, neither of them is a class member. Upon learning of Ms. Brown's and Mr.

5   Lopez's objections, Blackhawk conducted a reasonable investigation and confirmed Ms. Brown

6   and Mr. Lopez were both given erroneous information that their prepaid card had been affected in

7   the Data Security Incident, when that was not the case.  *See* Declaration of Michael Vergara, ¶¶ 4–

8   5, 8–9.  Because neither Ms. Brown nor Mr. Lopez had information that was actually impacted in

9   the Data Security Incident, they never received notice of the incident in October 2022.  *Id.* ¶¶ 6, 10.

10  And further, because their information was never impacted, they never received notice of settlement

11  of this case.  *Id.* ¶¶ 6, 10.  Since none of their information was compromised in the Data Security

12  Incident, the settlement of this action has no bearing on their respective situations or rights.  And

13  because they had no information compromised, they are not members of the Settlement Class and

14  thus had no right to object, regardless of whether they received any notice of incident, settlement,

15  or otherwise.

16       The Federal Rules of Civil Procedure provide that "[a]ny *class member* may object to [a

17  settlement] proposal if it requires court approval."    Fed. R. Civ. P. 23(e) (emphasis added).

18  Consistent with that Rule, the Court's Order Granting Plaintiffs' Unopposed Motion for

19  Preliminary Approval of Class Action Settlement stated that "A *Settlement Class Member* who does

20  not file a valid and timely Request for Exclusion may file with the Court a notice of intent to object

21  to the Class Settlement Agreement."  ECF No. 48 at 6 (emphasis added).  However, an individual

22  who is not a class member has no right to object.  *See Moore v. Verizon Commc'ns, Inc.*, No. C 09-

23  1823 SBA, 2013 U.S. Dist. LEXIS 122901, at *33 (N.D. Cal. Aug. 28, 2013) ("It is well-settled

24  that only class members may object to a class action settlement."); *see also Gould v. Alleco, Inc.*,

25

26  _____
    [1] Ms. Brown and Mr. Lopez claim they received late notice, *see* ECF Nos. 53, 54, but the "notice"
27  they refer to were communications from a Blackhawk customer service representative in response
    to Ms. Brown's and Mr. Lopez's queries, not the notices of the incident and class settlement. In
28  each case, the representative erroneously informed Ms. Brown and Mr. Lopez that their prepaid
    card information had been impacted.  Declaration of Michael Vergara ¶¶ 4–5, 8–9.

DEFENDANT BLACKHAWK'S RESPONSE
TO OBJECTIONS TO SETTLEMENT
3:22-cv-07084-CRB

1   883 F.2d 281, 284 (4th Cir. 1989) ("The plain language of Rule 23(e) clearly contemplates allowing

2   only class members to object to settlement proposals.").  Neither Ms. Brown nor Mr. Lopez is a

3   class member and therefore neither has the right to object to the settlement.

4   **II.      NO CLASS MEMBERS OBJECTED TO THE SETTLEMENT**

5           Over 160,000 class members received notice of the settlement of this action and many

6   thousands of them submitted claims,[2] while only three individuals excluded themselves from the

7   settlement.   Not a single member of the settlement class objected.

8   Dated: April 26, 2024                    ARAVIND SWAMINATHAN
                                             REBECCA HARLOW
9                                            THOMAS FU
                                             ORRICK, HERRINGTON & SUTCLIFFE LLP
10

11

12                                           By: */s/ Aravind Swaminathan*
                                                  ARAVIND SWAMINATHAN
13                                                 Attorneys for Defendant
                                                   Blackhawk Network, Inc.
14

15

16

17

18

19

20

21

22

23

24

25

26

---

27   [2] When Angeion submitted its declaration in support of final approval on March 22, 2024, 17,964
     class members had made claims with approximately three weeks left in the claims period and a
28   reminder notice planned for March 27.  *See* ECF No. 50-1, ¶¶ 12, 17.

DEFENDANT BLACKHAWK'S RESPONSE
                                             TO OBJECTIONS TO SETTLEMENT
                                             3:22-cv-07084-CRB