**BRADLEY/GROMBACHER LLP**
Marcus J. Bradley, Esq (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361
Phone: (805) 270-7100
Email: mbradley@bradleygrombacher.com
  kgrombacher@bradleygrombacher.com

*Attorneys for the Cortez Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| *IN RE: BLACKHAWK NETWORK DATA BREACH LITIGATION*<br><br>This Document Relates To:<br>3:22-cv-7492-CRB (Cortez) | Case No.: 3:22-cv-07084-CRB<br>Hon. Charles R. Breyer, Courtroom 6, 17th Floor<br><br>**DECLARATION OF KILEY GROMBACHER IN SUPPORT OF PLAINTIFFS' MOTION TO EXPEDITE BRIEFING ON MOTION FOR APPEAL BOND**<br><br>Date: October 4, 2024<br>Time: 10:00 a.m.<br>CR:  6 |

DECLARATION OF KILEY L. GROMBACHER

I, Kiley Grombacher, declare that the following is true:

1. I am an attorney admitted to practice before this Court and am a partner in the firm of Bradley/Grombacher LLP, counsel for Plaintiffs in the action captioned above. I make this declaration of my own personal knowledge and, if called to do so, could testify competently to the facts stated herein under oath.

2. I submit this declaration pursuant to Civil Local Rule 6-3 in support of Plaintiffs' Motion to Expedite Briefing.

3. To the best of Plaintiffs' knowledge, neither Objector-Appellant Miriam "Mabel" Brown nor Objector-Appellant David Lopez (collectively, "Appellants-Objectors") have obtained counsel to represent them on appeal.

4. By email dated, July 24, 2024, Plaintiffs' counsel contacted Objector-Appellant Miriam "Mabel" Brown and Objector-Appellant David Lopez to discuss the frivolous, unfounded, and untimely nature of their objections and appeals—including in particular and with attached citation to case law, Objectors-Appellants' lack of standing. A true and correct copy of this correspondence is attached hereto as **Exhibit A**

5. Attached hereto as **Exhibit B** is a true and correct copy of the email response to Plaintiffs July 24, 2024 email, sent on July 25, 2024 by Objector Lopez (from email address claims_info@newhampshirerights.com.), stating his belief that it would be "inappropriate for [him] to dismiss [his] appeal." Ms. Brown did not reply.

6. Plaintiffs estimate that they will face substantial expenses in addressing both of the Objectors-Appellants' appeals, including the costs of: printing, photocopying, preparing and serving the appeal, responding to the appellate brief, and obtaining transcripts—including transcripts of the depositions of Objector-Appellant Ms. Brown and Objector-Appellant Mr. Lopez, taken in connection with the additional discovery granted by the Court. Plaintiffs estimate that these costs will be at least $15,000.

///
///
///

7. The following time modifications have previously been ordered in this case:

| Date | Docket No./Case No. | Description |
|---|---|---|
| January 10, 2023 | 19 | Stipulation And Order Consolidating Related Actions, Extending Response Date, And Setting Other Deadlines |

8. This modification would not affect any other matters in this case, as currently the only pending motion in this Court is Plaintiffs' motion for an appeal bond.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on this 29th of August 2024 at Westlake Village, California.

    /s/ *Kiley L. Grombacher*
    Kiley L. Grombacher

DECLARATION OF KILEY L. GROMBACHER

# EXHIBIT A

| | |
|---|---|
| **From:** | Terry Coates |
| **To:** | mbrown@sunchannel.net; claims_info@newhampshirerights.com |
| **Cc:** | Anderson Berry; Gregory Haroutunian; Dylan Gould; lvn@colevannote.com; Kiley Grombacher; Justin Walker |
| **Subject:** | In re Blackhawk Network Data Breach Litigation, No. 3:22-cv-07084 (N.D. Cal.) - appeal |
| **Date:** | Wednesday, July 24, 2024 9:09:14 AM |
| **Attachments:** | image001.png<br>Douglas v The Western Union Company.pdf<br>Blackhawk Response to Objection DKT No 55.pdf<br>[60] NOTICE OF APPEAL to the 9th Circuit Court of Appeals. Appeal of Order[59] (Appeal fee FEE NOT PAID.).pdf |

Ms. Brown and Mr. Lopez:

We have been appointed by the District Court to represent the Settlement Class in the matter of *In Re Blackhawk Network Data Breach Litigation*, consolidated into case number 3:22-cv-07084-CRB (N.D. Cal.). Since you are not a member of the Settlement Class, we do not represent you.

We are in receipt of your objections to the settlement before the District Court as well as your Notice of Appeal. Given our interest in ensuring prompt redress for the Settlement Class and as a courtesy to you, we write in the hopes that you will dismiss your appeal. We are attaching the response to your objection filed by Blackhawk which clearly asserts that your cards were not affected by the data breach. This document is important because it establishes that you are not a member of the Settlement Class and so your rights are not affected in any way by this settlement. Said another way, this means that you are free to sue Blackhawk for any claims you believe you may have. This also means that you do not have standing to object to this settlement or to appeal the Court's Order granting Final Approval of the Settlement because the settlement does not affect you in any way.

Standing is a complicated legal requirement, but at base, it requires that you (or any litigant) have a right to a make a legal claim or to seek judicial enforcement of a duty or right. The right must be actualized (or the harm imminent), it cannot be purely academic or speculative. You cannot sue on behalf of someone else for rights that affect them, but do not affect you. Because your card was not affected, you are not covered by this settlement and your rights are not affected. This means there is nothing for the Court to decide as to you and your claims – simply, you do not meet the requirements for the Court to hear your objection.

There is a lot of case law which directly addresses this issue- ruling that only class members can object to settlement proposals. For example, see *Moore v. Verizon Commc'ns, Inc.*, No. C 09- 1823 SBA, 2013 U.S. Dist. LEXIS 122901, at *33 (N.D. Cal. Aug. 28, 2013) ("It is well-settled that only class members may object to a class action settlement.") I am also attaching an opinion from the Seventh Circuit which makes clear that individuals who are not members of a class cannot bring an objection to a settlement before the Court. We understand the time for payment of your appellate fees is coming due soon and we would encourage you to review this authority before you spend your money and potentially incur additional liability for the costs of other parties to the appeal.

We have not made any assessment as to the merit or value of any potential claims you may have or allege against Blackhawk outside the scope of this settlement. If you intend to proceed with litigation against Blackhawk, we encourage you to be mindful of any statutes of limitations and to seek legal counsel as soon as possible regarding any such potential claims. We wish you the best of luck with such potential claims. We would, however, request that you dismiss this appeal as soon as possible.

I am available to discuss if that would be helpful to you. My phone number is (513) 665-0204.

Thank you,
Terry



MARKOVITS
STOCK
DeMARCO

**Terence R. Coates, Esq.**
**Markovits, Stock & DeMarco, LLC**
119 E. Court Street, Suite 530 | Cincinnati, Ohio 45202
Business 513.651.3700 | Direct: 513.665.0204 | Facsimile 513.665.0219
tcoates@msdlegal.com | www.msdlegal.com

https://www.msdlegal.com/attorney/coates-terence-r/

This electronic transmission contains information from the law firm of Markovits, Stock & DeMarco, LLC which is privileged, confidential or otherwise the exclusive property of the intended recipient or Markovits, Stock & DeMarco, LLC. This information is intended for the use of the individual or entity that is the intended recipient. If you are not the designated recipient, please be aware that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this electronic transmission in error, please notify me by telephone (513-651-3700) or by electronic mail (tcoates@msdlegal.com) and promptly destroy the original transmission. Thank you for your assistance.

955 F.3d 662
United States Court of Appeals, Seventh Circuit.

Jason DOUGLAS, Plaintiff-Appellee,
v.
THE WESTERN UNION COMPANY, Defendant-Appellee,
v.
Bethany C. Price, Objector-Appellant.

No. 19-1868
|
Argued January 30, 2020
|
Decided April 13, 2020

**Synopsis**

**Background:** Consumer filed putative class action alleging that defendant violated Telephone Consumer Protection Act (TCPA) by sending unsolicited text messages. The United States District Court for the Northern District of Illinois, Sheila Finnegan, United States Magistrate Judge, ruled that objector was not class member, approved settlement agreement, reduced class counsel's fees, and denied objector's motion for attorney fees and incentive award. Objector appealed.

The Court of Appeals, Sykes, Circuit Judge, held that objector lacked standing to appeal.

Appeal dismissed.

**Procedural Posture(s):** On Appeal; Motion for Attorney's Fees.

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 14 C 1741 — **Gary Feinerman**, *Judge*.

**Attorneys and Law Firms**

Joseph Siprut, Attorney, Siprut PC, Chicago, IL, for Plaintiff-Appellee.

W. Allen McDonald, Attorney, Lacy, Price & Wagner P.C., Knoxville, TN, for Appellant.

Kathleen P. Lally, Attorney, Latham & Watkins LLP, Chicago, IL, for Defendant-Appellee.

Before Bauer, Kanne, and Sykes, Circuit Judges.

**Opinion**

Sykes, Circuit Judge.

**\*663** Appellant Bethany Price objected to a proposed class-action settlement, but the district judge ruled that she was not a class member and she did not contest that ruling. Price then sought attorney's fees and an incentive award for objecting. The judge denied her requests because as a nonclass member, she had no standing to object or to receive fees or an award. Price appeals the denial of her fee and award requests, arguing that nonclass members can be compensated for objecting. Because Price does not challenge the ruling that she is not a class member, we conclude that she is not a party and lacks standing to appeal. Thus we dismiss the appeal for lack of appellate jurisdiction.

**I. Background**

Price objected to the proposed settlement of a class action filed by Jason Douglas (the class representative) against The Western Union Company. The class complaint alleged that Western Union violated the Telephone Consumer Protection Act of 1934 by sending unsolicited text messages. The Act prohibits using any "automatic telephone dialing system" to make any call "to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii); *see Campbell-Ewald Co. v. Gomez*, —— U.S. ——, 136 S. Ct. 663, 667, 193 L.Ed.2d 571 (2016) ("A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)."). A year into the suit, the parties agreed to settle for $8.5 million. The proposed settlement defined the class as: "All Persons in the United States who received one or more unsolicited text messages sent by or on behalf of Western Union between March 12, 2010 and November 10, 2015."

After the parties notified the class of the proposed settlement, four people objected, including Price. She thought she was a class member because she had received two text messages from Western Union. Price objected to the settlement on several grounds: it inadequately compensated the class; class counsel's fee request was too high; the plaintiff's incentive

award was too high; the class definition was imprecise because it did not include her; and the list of class members had errors.

The class representative and Western Union contested whether Price had standing to object. They argued that she could not be a class member because she had "filled out a form in which she expressly consented to receiving text messages for the exact purpose for which she received one." Western Union said that before sending text messages to customers, it generally obtained consent twice. Customers would consent when they first registered and again after an opt-in text message asked them to confirm that they wished to receive additional text messages.

During settlement negotiations, the parties agreed that two groups might have received "unsolicited" text messages: (1) those who entered transactions on Western Union's website but did *not* sign up for its loyalty program, and (2) those who transferred money via its website without consenting to receive text messages about their transfer and then received such a text. The parties maintained that Price did not fall into either class group because Western Union's records confirmed that she had enrolled in its loyalty program. To enroll, Price had to check a disclaimer box consenting to receive text messages and had to consent to the loyalty program's terms, which stated that by providing her cellphone number to Western Union, she consented to receive text messages. Thus, Western Union concluded, the two text messages that Price received were not *664 "unsolicited," so she was not a class member.

After the class representative moved for final approval of the settlement, the judge held a fairness hearing. Price participated despite the ongoing dispute over her status as a class member. The judge questioned class counsel about whether the class was properly limited to the two customer groups, voiced concerns about counsel's billing records (some of which were also raised by Price), and requested more information about counsel's time records. Class counsel could not provide the information—he had no "detailed time records"—so time sheets were "reconstructed" from calendars, emails, and research records. Echoing the judge's concerns, Price continued to argue that the court should reject the settlement and reduce class counsel's fees.

With minor changes to the class definition, the judge certified the class, ruled that Price was not a member, approved the settlement, and reduced class counsel's fees. He amended the class definition to clarify that recipients of "unsolicited" text messages were in the class if they initiated transactions online but did not sign up for the loyalty program or initiated money transfers online without consenting to text messages about the transfer. Price, the judge explained, did not fall into either category. The judge also cut class counsel's requested fees from $2.8 million to $425,000, explaining that counsel's "reconstructed" timesheets lacked adequate support, were misleading, and reported "grossly excessive" hours. Price moved for reconsideration, asking the court to find that she was "a member of the Class as originally defined" and to redefine the class to include *all* customers who received text messages, even with consent. The judge denied the motion.

Price did not appeal her exclusion from the class and did not seek to intervene. Instead, she sought attorney's fees and an incentive award. The judge invited her to address "whether a person who never fell within the class definition (original or modified) may move for fees and an incentive award under Rule 23." Price responded that no law barred her request, so she was entitled to fees and an incentive award for her success in reducing attorney's fees and improving the class definition. The motion was denied because Price had cited "no authority for the highly questionable proposition that a non-class member can recover fees and an incentive award under Rule 23." Price appealed. The parties then sought approval of a proposed settlement of her appeal under Rules 23(e)(5)(C) and 62.1 of the Federal Rules of Civil Procedure; the judge refused to approve it.

## II. Discussion

On appeal Price does not challenge the finding that she was not a class member. Instead, she contends that as a nonparty she may nonetheless seek fees and an award if she benefited the class. But her argument ignores a threshold question: whether a nonparty to proceedings in the district court has standing to appeal a decision that the nonparty does not like. The Supreme Court has held that "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment." *Marino v. Ortiz*, 484 U.S. 301, 304, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988). A nonparty who is dissatisfied with a ruling in the district court must seek to intervene for purposes of appeal (and a denial of a request to intervene is itself appealable). *Id.* Price did not appeal the ruling that she was not a class member, and after the court ruled that she was a nonparty, she did not ask to intervene for purposes of

appealing any unwelcome *665 rulings. Accordingly, under *Marino* she lacks standing.

In *Devlin v. Scardelletti*, the Supreme Court clarified that it has never "restricted the right to appeal to *named* parties to the litigation." 536 U.S. 1, 7, 122 S.Ct. 2005, 153 L.Ed.2d 27 (2002) (emphasis added). But *Devlin* does not undermine the application of *Marino* to this case. The *Devlin* appellant was an unnamed member of a class certified under Rule 23. As a class member, the appellant had standing to appeal from the district court. *Id.* at 6–7, 9, 122 S.Ct. 2005. The Court emphasized that in class actions, unnamed class members may be parties for purposes of appeal when they have properly objected in the district court. *Id.* at 10, 122 S.Ct. 2005. But here, Price acquiesced to the court's decision that she was *not* an unnamed class member. And under Rule 23(e)(5)(A) only a "class member" may object to a class settlement, so the rule does not create standing for nonclass members like Price. *See Mayfield v. Barr*, 985 F.2d 1090, 1092–93 (D.C. Cir. 1993); *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989).

At times we have allowed nonparties to appeal, but only when the district court has ordered them to do something (as with a contempt citation issued to nonparty witnesses) or when they are agents of parties to the suit (as with attorneys seeking fees). *See Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 287–88 (7th Cir. 2002). Those circumstances do not apply here. Citing *Reynolds*'s discussion of common funds in class actions, Price nonetheless argues that "[w]hen a lawyer lays claim to a portion of the kitty, he becomes a real party in interest." *Id.* at 288. But that situation is distinguishable from Price's because those attorneys represented named or unnamed class members, both of whom (unlike Price) would have standing in the district court. *See, e.g., In re Trans Union Corp. Privacy Litig.*, 664 F.3d 1081, 1083–84 (7th Cir. 2011) (concluding that the attorney who represented class members who filed individual claims could participate in the appeal filed by class counsel where the appeal would directly impact that attorney's fees); *Reynolds*, 288 F.3d at 287.

Price insists that we must have appellate jurisdiction because her appeal is "taken from an order denying [her] motion for attorney's fees, making [her] an aggrieved party." But by acquiescing to the ruling that she was not a class member, she had no standing after that decision and could not be "aggrieved" by any of the later rulings. If Price thought she had a *legal* interest, she should have appealed the decision that she was not a class member or sought to intervene to become a party. *See Marino*, 484 U.S. at 304, 108 S.Ct. 586 (noting that if a nonparty "has an interest that is affected by" a district-court ruling, "the better practice is for such a nonparty to seek intervention for purposes of appeal," with denials of such motions being appealable); *see also Devlin*, 536 U.S. at 12–13, 122 S.Ct. 2005 (opining that the possibility of an objector who is "not actually a member of the settlement class" is likely a rare situation and could be resolved "by a standing inquiry at the appellate level"). She did neither.

DISMISSED

**All Citations**

955 F.3d 662

1  ARAVIND SWAMINATHAN (*admitted pro hac vice*)
   aswaminathan@orrick.com
2  REBECCA HARLOW (STATE BAR NO. 281931)
   rharlow@orrick.com
3  THOMAS FU (STATE BAR NO. 325209)
   tfu@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA  94105-2669
6  Telephone:   +1 415 773 5700
   Facsimile:    +1 415 773 5759
7
   Attorneys for Defendant
8  Blackhawk Network, Inc.

9               UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12

| 13  *IN RE: BLACKHAWK NETWORK DATA BREACH LITIGATION* | Case No. 3:22-cv-07084-CRB |
|---|---|
| 14  This Document Relates to All Cases | **DEFENDANT BLACKHAWK NETWORK, INC.'S RESPONSE TO OBJECTIONS TO SETTLEMENT** |
| | Date:   May 3, 2024<br>Time:   11:30 a.m.<br>Judge: Hon. Charles R. Breyer |

This class action lawsuit arises from a September 2022 data breach that impacted data associated with certain prepaid cards administered by Blackhawk Network. Plaintiffs filed a motion for final approval of the settlement reached in this matter on March 22, 2024, following a successful settlement administration process managed by Angeion. ECF No. 50. On April 16, 2024, Miriam "Mabel" Brown filed an objection with this Court on the grounds that she had not received notice of the settlement, as well as additional complaints about the substance of the agreement. ECF No. 53. On April 19, 2024, David Lopez filed a similar objection, asserting that he too had not been notified of the settlement and that he found it unfair. ECF No. 54. Both are untimely because they were submitted after the March 14, 2024 deadline. ECF No. 48 at 9. Regardless, the Court should overrule those objections because neither Ms. Brown nor Mr. Lopez is a class member entitled to object to the class settlement proposal.

I.    **THE OBJECTORS ARE NOT CLASS MEMBERS**

The Data Security Incident at the root of this litigation occurred in September 2022 and affected 165,727 individuals who were managing their prepaid payment cards via the website www.myprepaidcenter.com. Blackhawk provided notice of the Data Security Incident to those who had affected prepaid cards in October 2022. On December 15, 2023, the Court preliminarily certified for settlement purposes a class of "All individuals whose Personally Identifiable Information or payment card information (which includes a card account number, the CVV or CVV2 number or equivalent, and/or expiration date) was impacted in Blackhawk Network, Inc.'s Data Security Incident." ECF No. 48 at 2. Blackhawk provided the list of affected individuals to whom notice had been sent to the settlement administrator Angeion. *See* Decl. of Omeikiea Loranzano of Angeion Group, LLC re: Notice & Administration, ECF No. 50-1, ¶ 4. Angeion used that list to send notice of the class settlement to class members along with a reminder notice. *Id.* ¶¶ 5–12. Both Ms. Brown and Mr. Lopez complain in their Objections that they received neither the 2022 incident notice nor the notices sent by the settlement administrator. *See* ECF Nos. 53, 54.

Ms. Brown and Mr. Lopez claim that they did not receive timely notice of the settlement

prior to the March 14 deadline,[1] but that is because they are not members of the class entitled to notice or to submit objections. Ms. Brown and Mr. Lopez did not receive any notices because their respective prepaid cards (and associated data) were not impacted in the above-described Data Security Incident; thus, neither of them is a class member. Upon learning of Ms. Brown's and Mr. Lopez's objections, Blackhawk conducted a reasonable investigation and confirmed Ms. Brown and Mr. Lopez were both given erroneous information that their prepaid card had been affected in the Data Security Incident, when that was not the case. *See* Declaration of Michael Vergara, ¶¶ 4–5, 8–9. Because neither Ms. Brown nor Mr. Lopez had information that was actually impacted in the Data Security Incident, they never received notice of the incident in October 2022. *Id.* ¶¶ 6, 10. And further, because their information was never impacted, they never received notice of settlement of this case. *Id.* ¶¶ 6, 10. Since none of their information was compromised in the Data Security Incident, the settlement of this action has no bearing on their respective situations or rights. And because they had no information compromised, they are not members of the Settlement Class and thus had no right to object, regardless of whether they received any notice of incident, settlement, or otherwise.

The Federal Rules of Civil Procedure provide that "[a]ny *class member* may object to [a settlement] proposal if it requires court approval." Fed. R. Civ. P. 23(e) (emphasis added). Consistent with that Rule, the Court's Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement stated that "A *Settlement Class Member* who does not file a valid and timely Request for Exclusion may file with the Court a notice of intent to object to the Class Settlement Agreement." ECF No. 48 at 6 (emphasis added). However, an individual who is not a class member has no right to object. *See Moore v. Verizon Commc'ns, Inc.*, No. C 09-1823 SBA, 2013 U.S. Dist. LEXIS 122901, at *33 (N.D. Cal. Aug. 28, 2013) ("It is well-settled that only class members may object to a class action settlement."); *see also Gould v. Alleco, Inc.*,

---

[1] Ms. Brown and Mr. Lopez claim they received late notice, *see* ECF Nos. 53, 54, but the "notice" they refer to were communications from a Blackhawk customer service representative in response to Ms. Brown's and Mr. Lopez's queries, not the notices of the incident and class settlement. In each case, the representative erroneously informed Ms. Brown and Mr. Lopez that their prepaid card information had been impacted. Declaration of Michael Vergara ¶¶ 4–5, 8–9.

883 F.2d 281, 284 (4th Cir. 1989) ("The plain language of Rule 23(e) clearly contemplates allowing only class members to object to settlement proposals."). Neither Ms. Brown nor Mr. Lopez is a class member and therefore neither has the right to object to the settlement.

## II.   NO CLASS MEMBERS OBJECTED TO THE SETTLEMENT

Over 160,000 class members received notice of the settlement of this action and many thousands of them submitted claims,[2] while only three individuals excluded themselves from the settlement. Not a single member of the settlement class objected.

Dated: April 26, 2024

ARAVIND SWAMINATHAN
REBECCA HARLOW
THOMAS FU
ORRICK, HERRINGTON & SUTCLIFFE LLP


By: /s/ Aravind Swaminathan
ARAVIND SWAMINATHAN
Attorneys for Defendant
Blackhawk Network, Inc.

---

[2] When Angeion submitted its declaration in support of final approval on March 22, 2024, 17,964 class members had made claims with approximately three weeks left in the claims period and a reminder notice planned for March 27. *See* ECF No. 50-1, ¶¶ 12, 17.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: BLACKHAWK NETWORK DATA BREACH LITIGATION

This Document Relates To: ALL ACTIONS          Case No. 3:22-cv-07084-CRB

## NOTICE OF APPEAL

I, Marian "Mabel" Brown appeal the Final Approval Order entered on June 3, 2024, at Entry 59, to the US Court of Appeals for the Ninth Circuit.

Dated this 10th day of June 2024.

*MIRIAM MABEL BROWN*
Miriam "Mabel" Brown
Box 9007
Providence RI 02940
mbrown@sunchannel.net


I join and also appeal to the United States Court of Appeals from the final approval order that was listed on June 3, 2024, at the entry number 59.
June 20 2024

Sr. David Lopez
Tlahuapan 20-1, Colonia la Paz
Oficina #235
Puebla, Puebla, Mexico, 72160
claims_info@newhampshirerights.com





# EXHIBIT B

| | |
|---|---|
| **From:** | D Lopez |
| **To:** | Terry Coates |
| **Cc:** | mbrown@sunchannel.net; claims_info@newhampshirerights.com; Anderson Berry; Gregory Haroutunian; Dylan Gould; lvn@colevannote.com; Kiley Grombacher; Justin Walker |
| **Subject:** | Re: In re Blackhawk Network Data Breach Litigation, No. 3:22-cv-07084 (N.D. Cal.) - appeal |
| **Date:** | Thursday, July 25, 2024 10:40:01 AM |

Hi Terry.

Under the sweeping definition of the class that appears to cover all data breaches, which contradicts the claim forms, along with the mere vague assertions that the admission by Blackhawk of a breach being involved, necessitates my appeal. Your firm breached it's duty to the class by allowing broad language to be within the settlement that could be used by Blackhawk in the future as to persons similarly situated to me. You've never even told the court the nature of the breach, how some accounts were affected, and how some were not, how it was determined which accounts were affected, how notification was provided to claimants that Blackhawk breached in cases where they did not have contact information, among other things.

Moreover, even if it is determined that you are correct on standing issues, and I believe you are wrong, the appeals court still has a fiduciary duty to review the appropriateness of the settlement and the issues I raised. I read a recent case In re Transpacific and the court found the objectors lacked standing but that their fiduciary duties required the court to address the merits. Therefore, it would be inappropriate for me to dismiss my appeal. I would be willing to work with you on language that discloses exactly who was affected and limiting orders that the settlement only waives their claims and not for any other type of breach. The language of the settlement as-is, however, is all-encompassing and the district court breached its duties by sloughing off the objections.

DLopez


On 2024-07-24 12:08, Terry Coates wrote:
> sophospsmartbannerend
>
> Ms. Brown and Mr. Lopez:
>
> We have been appointed by the District Court to represent the
> Settlement Class in the matter _of In Re Blackhawk Network Data Breach
> Litigation_, consolidated into case number 3:22-cv-07084-CRB (N.D.
> Cal.). Since you are not a member of the Settlement Class, we do not
> represent you.
>
> We are in receipt of your objections to the settlement before the
> District Court as well as your Notice of Appeal. Given our interest
> in ensuring prompt redress for the Settlement Class and as a courtesy
> to you, we write in the hopes that you will dismiss your appeal. We
> are attaching the response to your objection filed by Blackhawk which
> clearly asserts that your cards were not affected by the data breach.
> This document is important because it establishes that you are not a
> member of the Settlement Class and so your rights are not affected in
> any way by this settlement. Said another way, this means that you are
> free to sue Blackhawk for any claims you believe you may have. This
> also means that you do not have standing to object to this settlement
> or to appeal the Court's Order granting Final Approval of the
> Settlement because the settlement does not affect you in any way.
>
> Standing is a complicated legal requirement, but at base, it requires
> that you (or any litigant) have a right to a make a legal claim or to
> seek judicial enforcement of a duty or right. The right must be
> actualized (or the harm imminent), it cannot be purely academic or
> speculative. You cannot sue on behalf of someone else for rights that
> affect them, but do not affect you. Because your card was not
> affected, you are not covered by this settlement and your rights are
> not affected. This means there is nothing for the Court to decide as
> to you and your claims - simply, you do not meet the requirements for
> the Court to hear your objection.
>
> There is a lot of case law which directly addresses this issue- ruling
> that only class members can object to settlement proposals. For
> example, see _Moore v. Verizon Commc'ns, Inc.,_ No. C 09- 1823 SBA,
> 2013 U.S. Dist. LEXIS 122901, at *33 (N.D. Cal. Aug. 28, 2013) ("It is
> well-settled that only class members may object to a class action
> settlement.") I am also attaching an opinion from the Seventh Circuit
> which makes clear that individuals who are not members of a class
> cannot bring an objection to a settlement before the Court. We
> understand the time for payment of your appellate fees is coming due

```
> soon and we would encourage you to review this authority before you
> spend your money and potentially incur additional liability for the
> costs of other parties to the appeal.
>
> We have not made any assessment as to the merit or value of any
> potential claims you may have or allege against Blackhawk outside the
> scope of this settlement.  If you intend to proceed with litigation
> against Blackhawk, we encourage you to be mindful of any statutes of
> limitations and to seek legal counsel as soon as possible regarding
> any such potential claims. We wish you the best of luck with such
> potential claims.  We would, however, request that you dismiss this
> appeal as soon as possible.
>
> I am available to discuss if that would be helpful to you. My phone
> number is (513) 665-0204.
>
> Thank you,
>
> Terry
>
> Terence R. Coates, Esq.
>
> Markovits, Stock & DeMarco, LLC
>
> 119 E. Court Street, Suite 530 | Cincinnati, Ohio 45202
>
> Business 513.651.3700 | Direct: 513.665.0204 | Facsimile 513.665.0219
>
> tcoates@msdlegal.com | https://linkprotect.cudasvc.com/url?
a=https%3a%2f%2fwww.msdlegal.com&c=E,1,PlWDMijTgWDFI4xDghvHpPbWM9U8ZZNm9eN2GVdV1vvZZVCku6ug0CpA4ks4BnWbug6S-
dEM1HaVRRFiWwckF7rOjARubm9nnHe4QeJEPDVzJKrbXDk,,&typo=1 [1]
>
> https://linkprotect.cudasvc.com/url?a=https%3a%2f%2fwww.msdlegal.com%2fattorney%2fcoates-terence-r%2f&c=E,1,igVtO7_prMwImccN8IQ4RuldVjxPh3-
th6sdFI1GaVRxmKTXJ6iy7mGOrI_38RVe0HdA6vBQ5B7sH3Jk0p_MOl4x0RUjKaFFaNXeLq52P-Qa9MfrQg,,&typo=1 [2]
>
> This electronic transmission contains information from the law firm of
> Markovits, Stock & DeMarco, LLC which is privileged, confidential or
> otherwise the exclusive property of the intended recipient or
> Markovits, Stock & DeMarco, LLC. This information is intended for the
> use of the individual or entity that is the intended recipient. If you
> are not the designated recipient, please be aware that any
> dissemination, distribution or copying of this communication is
> strictly prohibited. If you have received this electronic transmission
> in error, please notify me by telephone (513-651-3700) or by
> electronic mail (tcoates@msdlegal.com) and promptly destroy the
> original transmission. Thank you for your assistance.
>
>
>
> Links:
> ------
> [1] https://linkprotect.cudasvc.com/url?a=http%3a%2f%2fwww.msdlegal.com%2f&c=E,1,z3WBdNMnc8fNBbhj_dspxRLTkk1CuImGF28-
MGbTrOGR2dcLLPPOELXPeU6-vPnSFf2XRZB9foJFH00jXm5yfxAUcfgw4uoOPoaVHywWOxdDOsNHMHRV&typo=1
> [2] https://linkprotect.cudasvc.com/url?a=https%3a%2f%2fwww.msdlegal.com%2fattorney%2fcoates-terence-
r%2f&c=E,1,j9Vs5nWPAGPgPtdImslrw2aOb4Npun3vMwSAEpzuw4pjf6YIecax6yEgFmD3cRcU7EPoJt33OkCX_KeZg3snZPwEnkv1qXTZLBfq8f8hUPm13fsbiqctqSb-
1KVL&typo=1
```