UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

| | |
|---|---|
| IN RE: BLACKHAWK NETWORK DATA BREACH LITIGATION | ) 3:22-cv-07084 CRB ) |

OPPOSITION TO THE MOTION TO POST AN APPEAL BOND AND MOTION TO EXPEDITE BRIEFING SCHEDULE

Mariam "Mabel" Brown files this opposition to the motion:

1. Over two months after the filing of the Notice of Appeal, and after the Ninth Circuit already extended the time to file briefs once and set them for October 30, 2024, Class Counsel seeks $15,000 in a cost bond, a number apparently pulled out of a hat.

2. What will the costs consist of? Alleged forthcoming transcripts of depositions <u>prohibited</u> by Fed. R. Civ. Proc. 27(b) to determine whether Appellants have the funds to pay a cost bond!

3. In addition, the depositions will purportedly address standing. However, standing issues are on the record and the appeal is from the record not from new depositions.[1] Specifically, the standing issue is that Blackhawk sent a belated email to Objectors stating that they were harmed by the data breach.

---

[1] If Class Counsel was confused about the standing issue, it could have sought more clarification from Blackhawk or sought non-party discovery when the objections and motion to intervene were filed. They had no interest months ago, now they concoct an excuse to create a reason for some cost bond to derail the appeal.

Then, Blackhawk told this court that the emails were erroneous. However, Blackhawk provided no explanation for this, no description as to how it determined who was affected by the breach, and no explanation for having a wider settlement definition than the specific people notified of this class action.

4. Certainly, there exists no reason to waste money determining if Appellants can provide an appeals bond because all of the transcripts were ordered and have been or will be paid for by the Appellants. In addition, Appellants, not Appellees, will be paying for the excerpts of the record. (Appellees did buy one three page transcript and since Appellants already paid, the cost should have been $3, not $15,000).

5. Appellants have to file their brief on October 30, 2024, and they will rest on the record. The record is complete and the standing dispute is what it is.

6. Class Counsel cannot conduct discovery because they have not asked this Court for leave to do so. There is no motion under Fed. R. Civ. Proc. 27(b) as required. Because no motion to conduct discovery has been filed, there can be no deposition, and certainly not $15,000 in costs for a deposition. Moreover, this Court cannot "expedite" a subpoena and deposition because no deposition is allowed absent a motion under Rule 27(b). Rule 27(b) contemplates that a district court with existing subject matter jurisdiction retains sufficient jurisdiction over a case under appeal to issue an *extraordinary* discovery order pending that appeal. *Campbell v. Blodgett,* 982 F.2d 1356, 1357 (9th Cir. 1993).

7. Discovery pending appeal is "proper to avoid a failure or delay of justice" in the event of further proceedings in the district court. *Id* at 1358. Certainly, it is not for conducting a lengthy fishing expedition to determine whether the appellants have money to file a cost bond or to harass the appellants about their "standing" when it is already on the record (again, Blackhawk said the appellants were affected by the data breach, then Blackhawk said their statement was a mistake– all this is on the record and will be reviewed by the Ninth Circuit).

8. Further to the matter of appeals and costs, an extraordinary Rule 27(b) Order is a final order subject to an appeal itself. *Id* at 1357, citing *Crateo, Inc. v. Intermark, Inc.,* 536 F.2d 862, 870 (9th Cir.), *cert. denied,* 429 U.S. 896, 97 S.Ct. 259, 50 L.Ed.2d 180 (1976); *Ash v. Cort,* 512 F.2d 909, 912 (3d Cir.1975). Thus, any Rule 27(b) Order will delay the current appeal by over a year because Appellees seek to run up the bill when briefing is set for October 30, 2024.

9. But this Court cannot grant or deny a Rule 27(b) motion until and unless Class Counsel actually chooses to increase costs and file such a motion.

10. No deposition can be used on appeal unless, of course, this court then expanded the record pursuant to Fed. R. App. Proc. 10(e)(2)(B), but no motion exists to expand the record to include this purported additional discovery which, as explained above, is only to advance future proceedings in the district court, not to clarify matters on appeal.

11. Discovery certainly is not needed from Appellants when it is Blackhawk that first said that Appellants were affected by the breach, then said it was a mistake, but

never gave any information as to how this was determined or why this error occurred.

12. This is similar to what happened in the underlying action. Class Counsel allowed Blackhawk to give it a list of affected customers, never did any independent determination to see if the list was accurate, and did no advertising to Blackhawk/Pathward clients and simply notified clients on that list. However, the expanded definition of class members in the settlement is not limited to people on the list but anyone affected. Blackhawk recognizes that Appellants' Pathward card account utilized www.myprepaidcenter.com , the website that was hacked multiple times.

13. If the list provided to Class Counsel was accurate, why not simply limit the settlement to the people on the list who received notice of the case?

14. Class counsel states a new issue that they knew about previously: The appellants reside outside of the United States. This is not relevant. The definition of the class at Entry 44-1, page 13, is not geographically limited. Rather, the definition is: "All individuals whose Personally Identifiable Information or payment card information (which includes a card account number, the CVV or CVV2 number or equivalent, and/or expiration date) was impacted in Blackhawk Network, Inc's Data Security Incident." There exists no prohibition against foreign users of www.myprepaidcenter.com from filing claims. Indeed, the www.myprepaidcenter.com website makes it clear that it serves client users of Pathward N.A. and Canadian Bank Peoples. Only the

California subclass involves geographical limitations. Therefore, the claim to determine the citizenship and residence location of the appellants is neither relevant nor appropriate.[2]

15. Finally, Class Counsel cites a typographical error in some documents that mistyped a single letter of Appellants' name as their smoking gun. It's Mariam "Mabel" Brown. This is not relevant considering Blackhawk was provided the account number when they responded that the Pathward card was indeed affected before they did a u-turn based on an unknown and non-described "reasonable investigation" and determined that their own customer service representatives provided incorrect information.

16. As to "bad faith," Appellants advised Class Counsel that they were willing to settle the appeal if more narrow language defining the class would be submitted to the court. Specifically, if the data breach only affected the people on the list, then this settlement should be narrowed to those people and nobody else. That's not what happened, the language was expanded to anyone affected even if they weren't on the list.[3]

17. Moving along, there exists no reason for any $15,000 appeal bond.

---

[2] There is no need to conduct discovery. Appellant Brown is Nicaraguan. Appellant Lopez appears to be located in Mexico. The question is whether they had a card that utilized www.myprepaidcenter.com and they did. Blackhawk advised them that they were subject to the data breach, then Blackhawk retracted. Citizenship and residence is not relevant to that inquiry.

[3] Class Counsel explained at Entry 66, page 8, that the action involved a breach that "affected 165,727 individuals who managed their prepaid payment cards via the website www.myprepaidcenter.com. <u>Blackhawk provided notice of the Subject Incident to those with affected prepaid cards in or around October 2022.</u>" Class Counsel admitted that it took Blackhawk's word for the identities of those affected: "Blackhawk provided the list of affected individuals to whom notice had previously been sent in or around October 2022." Thus there exists no reason for broad settlement language when it could have been limited to the "affected 165,727" persons "to whom notice had previously been sent in or around October 2022." But Neither Blackhawk nor Class Counsel want to eliminate the more broad language in the settlement agreement despite not notifying other users of the website www.myprepaidcenter.com .

18. The costs that will be awarded would be under $200, consisting of the copying expenses of counsel's briefs. Most of the other costs are borne by the appellants. The filing fee was paid by the appellants. The transcripts were paid by the appellants. The record excerpts are being filed by the appellants. Where does the $15,000 come from? It is simply pulled out of the air, similar to the list of affected Blackhawk clients.

19. The bad faith motion never explains why it was filed months after the notice of appeal and after the Ninth Circuit set briefing for next month.

20. As to the standing issue, even if the Ninth Circuit does not find standing, there is still a fiduciary duty to review the settlement on appeal.

21. In a case this Court is familiar with, *In re: Transpacific Passenger*, 2024 WL 810703 (9th Cir. Feb. 27, 2024), the appellants were adjudged to have no standing to appeal. Nevertheless, the Ninth Circuit reviewed the merits anyway because both this Court and the appellate court have a "fiduciary duty" to the non-present class members. Specifically, the Ninth Circuit explained, "Despite the Objectors' lack of standing, the district court properly exercised its retained jurisdiction over the distribution of the settlements, consistent with its fiduciary duty to the entire class. "This duty exists independent of any objection from a member of the class." *In re Optical Disk Drive Prods. Antitrust Litig.*, 959 F.3d 922, 929 (9th Cir. 2020). <u>We therefore reach the merits of the district court's orders</u>."

22. In that same case, Class Counsel filed a motion for attorney fees and/or double costs on the basis of a lack of standing by the appellants. The Ninth Circuit

denied it without comment. *See In re: Transpacific Passenger*, 23-15118 (9th Cir. April 26, 2024), Entry 50 (motion for attorney fees denied).

23. So considering that, what are the chances that, under the circumstances of this case, Appellees will receive more than the $92 in costs that the *In re: Transpacific Passenger* appellees received? *See Id*, Entry 42 (awarding $92 in costs to Class Counsel for the appellate brief copies). Practically none. There is nothing frivolous about this appeal.

24. Indeed, there are important issues for the appeal including the failure to include indispensable parties (as the real party in interest responsible for the breach is Pathward Bank and a People's Bank in Canada), the question of whether Class Counsel and Blackhawk settled for an impermissibly vast definition of the class (anyone affected by the incident) instead of limiting it to the unchallenged list of people that received notice of the breach,[4] the improper waiver of California Section 1542 and similar laws applied to absent class members who may not have received notice and thus could not have voluntarily waived this provision, along with improper notice given to affected class members – especially those who may not have made the list, and questions about how the list was compiled considering that Class Counsel accepted it blindly from Blackhawk.

25. As a final matter, this response is provided solely by the undersigned. Class Counsel did not comply with Fed. R. Civ. Proc. 5 as to Appellant Lopez. Lopez does not receive ECF notifications and Class Counsel only purported to mail the

---

[4] The irony here is that some users of www.myprepaidcenter.com are anonymous and Blackhawk does not know their identity, so notice to those class members could not have possibly been made and they cannot be on Blackhawk's specious list. Class Counsel did not explore this, does not explain it, and simply accepted Blackhawk's list at face value.

notice to the undersigned.  The undersigned did contact Lopez by email and he stated he did not receive any motion or notification from Class Counsel as to the pendency of these motions.  This alone is reason to deny the motions.  This Court cannot grant a cost bond as to Appellant Lopez without Class Counsel making the effort to serve him with the motion.

    WHEREFORE the motions filed by Class Counsel should be denied.

Respectfully submitted,

/s/ *Mariam "Mabel" Brown*
_____
Mariam "Mabel" Brown