**BRADLEY/GROMBACHER LLP**
Marcus J. Bradley, Esq (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361
Phone: (805) 270-7100
Email:  mbradley@bradleygrombacher.com
         kgrombacher@bradleygrombacher.com

*Attorneys for the Cortez Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| *IN RE: BLACKHAWK NETWORK DATA BREACH LITIGATION*<br><br>This Document Relates To:<br>3:22-cv-7492-CRB (Cortez) | Case No.: 3:22-cv-07084-CRB<br>Hon. Charles R. Breyer, Courtroom 6, 17th Floor<br><br>**NOTICE OF MOTION AND MOTION FOR AN ORDER REQUIRING OBJECTORS AND APPELLANTS MIRIAM "MABEL" BROWN AND DAVID LOPEZ TO POST AN APPEAL BOND**<br><br>**(*Filed concurrently with Declaration of Kiley L. Grombacher and [Proposed] Order*)**<br><br>**Date: November 15, 2024**<br>**Time: 10:00 a.m.**<br>**CR:   6** |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 15, 2024 at 10:00 a.m.[1] in Courtroom 6 of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, the Hon. Charles R. Breyer presiding, Plaintiffs in the above captioned action *In Re: Blackhawk Network Data Breach Litigation* ("the Action") will and hereby do move for an Order pursuant to Federal Rule of Appellate Procedure 7 for an entry of an order requiring the Objectors and Appellants Miriam "Mabel" Brown and David Lopez to post an appeal bond in the amount of $15,000 consisting of $15,000 in taxable costs in connection with their current appeal to the Ninth Circuit (Dkt. No. 60).

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the accompanying Declaration of Kiley Grombacher in Support of Plaintiffs' Motion for Appeal Bond filed concurrently herewith and the Exhibits attached thereto, the record in this Action, and other such matters and arguments as the Court may consider at the hearing of this motion.

## STATEMENT OF ISSUES TO BE DECIDED

1. **Whether the Court should require Objectors and Appellants Miriam "Mabel" Brown ("Ms. Brown") and David Lopez ("Mr. Lopez") (collectively, "Objectors-Appellants") to post a bond pursuant to Rule 7 of the Federal Rules of Appellate Procedure, to ensure repayment of the considerable expenses that the Settlement Class will accrue while Objector-Appellants' appeal, for which they lack standing because they are not Settlement Class Members and which is premised on demonstrably frivolous grounds, is resolved.**

---

[1] Given the urgency, Plaintiffs are contemporaneously filing a motion to expedite, requesting the Court shorten the briefing schedule and either decide Plaintiffs' motion without hearing or advance the hearing date.

NOTICE OF MOTION AND MOTION FOR AN ORDER REQUIRING OBJECTORS AND
APPELLANTS MIRIAM "MABEL" BROWN AND DAVID LOPEZ TO POST AN APPEAL BOND

2.     **Whether the Court should grant Plaintiffs' request for limited additional discovery to determine Objectors-Appellants' status as non-Settlement Class Members and to determine their respective abilities to pay Plaintiffs' costs and the sanctions Plaintiffs will request at the United States Court of Appeals for the Ninth Circuit when Objectors-Appellants lose their appeal.**

DATED: October 1, 2024                    Respectfully submitted,

**BRADLEY/GROMBACHER LLP**

By:  _/s/ Kiley L. Grombacher_
      Kiley L. Grombacher, Esq.
      Marcus J. Bradley, Esq.
      31365 Oak Crest Drive, Suite 240
      Westlake Village, CA 91361
      Phone: (805) 270-7100
      Email:  mbradley@bradleygrombacher.com
                kgrombacher@bradleygrombacher.com

      *Attorneys for the Cortez Plaintiffs and Proposed Class*

# **TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................................... 1

II.   BACKGROUND ................................................................................................ 2

III.  ARGUMENT .................................................................................................... 3

    A.   The Legal Standard for Imposing a Rule 7 Appeal Bond ............................ 4

    B.   All Factors Weigh in Favor of Imposing a Rule 7 Appeal Bond .................. 6

       1.   Objectors-Appellants Have Not Established That They Are Financially Unable to Post a Bond .......................................................................... 6

       2.   There is a Significant Risk that Objectors-Appellants Would Not Pay Plaintiffs' Costs on Appeal ............................................................ 7

    C.   Objectors-Appellants' Appeal is Meritless and Frivolous ........................... 8

    D.   Objectors-Appellants are not members of the Settlement Class ................... 8

    E.   Objectors lack standing to object to the Settlement because they are not Settlement Class Members ........................................................................ 10

    F.   The Ninth Circuit rarely overturns a district court's approval of a class settlement ..... 11

    G.   Objectors-Appellants Have Acted in Bad Faith and Vexatiously ............... 13

    H.   The Requested Bond Amount of $15,000 is Reasonable .............................. 14

    I.   Expedited Discovery is Necessary to Determine Whether Objectors-Appellants are Settlement Class Members and To Determine Their Ability to Pay Costs When They Lose Their Appeal ....................................................................... 15

IV.   CONCLUSION ............................................................................................... 16

1

## <u>TABLE OF AUTHORITIES</u>

2

3    *Azizian v. Federated Dept. Stores, Inc.*,
            499 F.3d 950 (9th Cir. 2007)...................................................................... 4

4    *Dennings v. Clearwire Corp.,*
            928 F.Supp.2d .................................................................................... .

5    *Embry v. ACER Am. Corp.*,
            No. C 09-01808 JW, 2012 WL 2055030 (N.D. Cal. June 5, 2012) ...................................... 9

6    *Figure Eight Holds, LLC v. Dr. Jay's, Inc.*,
            No. CV 10-7828 R, 2012 WL 12893450 (C.D. Cal. June 18, 2012) .............................. 13

7    *Fleury v. Richemont N. Am., Inc.*,
            No. C-05-04525-EMC, 2008 WL 4680033 (N.D. Cal. Oct. 21, 2008) (cleaned up). .......... 5

8    *Flynn v. Sony Elecs., Inc.*,
            No. 09-cv-2109, 2015 WL 128039  (S.D. Cal. Jan. 7, 2015)................................................. 8

9    *Gould v. Alleco, Inc.*,
            883 F.2d 281  (4th Cir. 1989)........................................................................ 10

10   *Hanlon v. Chrysler Corp.*,
            150 F.3d 1011 (9th Cir. 1998) (cleaned up). ......................................................... 12

11   *Hazlin v. Botanical Lab'vs. Inc.*,
            No. 13-cv-0618, 2015 WL 11237634 (S.D. Cal. May 20, 2015) (cleaned up)................. 10

12   *Hydroxycut Mktg.*,
            2013 WL 5275618  (S.D. Cal. Sept. 17, 2013) (cleaned up). ................................... 11

13    *In re Drexel Burnham Lambert Grp., Inc.*,
            130 B.R. 910 (S.D.N.Y. 1991), *aff'd*, 960 F.2d 285 (2d. Cir. 1992) .......................... 10-11

14   *In re Hydroxycut Mktg. & Sales Practices Litig.*,
            Nos. 09-md-2087 BTM (KSC) and 09-cv-1088 BTM (KSC), 2013 WL 5275618 (S.D. Cal. Sept. 17, 2013) ............................................................................... 5

15   *In re Leaf Tobacco Bd. of Trade of N.Y.C.*,
            222 U.S. 578  (1911) .................................................................................. 11

16   *In re MagSafe Apple Power Adapter Litig.*,
            No. C 09-01911 JW, 2012 WL 12921301 (N.D. Cal. July 6, 2012)................................. 5

17   *In re Netflix Privacy Litig.*,
            No. 5:11-cv-00379, 2013 WL 6173772 (N.D. Cal. Nov. 25, 2013) ................................. 5

18   *In re Pharm Indus. Average Wholesale Price Litig.*,
            520 F.Supp.2d 274 (D. Mass 2007) ...................................................................... 5

19   *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*,
            895 F.3d 597 609 (9th 2018) (cleaned up). .......................................................... 11

20    *In re Wachovia Corp. Pick-A-Payment Mortg. Mktg. & Sales Pracs. Litig.*,
            No. 5:09-MD-02015-JF PSG, 2011 WL 3648508 (N.D. Cal. Aug. 18, 2011) ................. 15

21   *Jabbari v. Wells Fargo & Co.*,
            No. 15-CV-02159-VC, 2018 WL 11024841 (N.D. Cal. June 13, 2018) (cleaned up)......... 1

22   *James v. Uber Techs. Inc.*,
            No. 19-CV-06462-EMC, 2022 WL 6468665 (N.D. Cal. Oct. 10, 2022) .......................... 6

23   *Keller v. Nat'l Collegiate Athletic Assn.*,
            No. C 09-1967 CW, 2015 WL 6178829 (N.D. Cal. Octo. 21, 2015)................................ 12

24

25

26

27

28

*Miletak v. Allstate Ins. Co.*,
No. C 06-03778, 2012 WL 3686785 (N.D. Cal. Aug. 27, 2012) ........................ 5

*Miller v. Ghiradelli Chocolate Company*,
2015 WL 758094  (N.D. Cal. Feb. 20, 2015) ................................................... 10

*Moore v. Verizon Communications Inc.*,
No. C 09-1823 SBA, 2013 WL 4610764 (N.D. Cal. Aug. 28, 2013) ................. 11

*In re Netflix Privacy Litigation*,
2013 WL 6173772 (N.D. Cal. Nov. 25, 2013) .................................................. 10

*Officers for Just. V. Civ. Serv. Commn. Of City & Cnty. Of San Fransisco*,
688 F.2d 615 (9th Cir. 1982) ........................................................................... 12

*Padgett v. Loventhal*,
No. 5:04-cv-03946, 2015 WL 4240804 ......................................................... 6-7

*San Francisco NAACP v. San Francisco Unified School Dist.*,
59 F.Supp.2d 1021 (N.D. Cal. 1999) .............................................................. 10

*Schulken v. Washington Mut. Bank*,
No. 09-CV-02708-LHK, 2013 WL 1345716 (N.D. Cal. Apr. 2, 2013) .......... 5, 6

*Senne v. Kansas City Royals Baseball Corp.*,
No. 14-cv-00608, 2023 WL 4238509 (N.D. Cal. June 27, 2023) ...................... 5

*Shakman v. Clerk of Cir. Ct. of Cook Cnty.*,
969 F.3d 810  (7th Cir. 2020) ......................................................................... 11

*Staton v. Boeing Co.*,
327 F.3d 938  (9th Cir. 2003) ......................................................................... 11

*Tait v. BSH Home Appliances Corp.*,
No. SA CV 10-0711-DOC, 2015 WL 12748268 ............................................ 15

*Tennessee Ass'n. of Health Maint. Organizations, Inc. v. Grier*,
262 F.3d 559, 566 (6th Cir.) ........................................................................... 10

*U.S. ex rel. Louisiana v. Boarman*,
244 U.S. 397 (1917) ....................................................................................... 11

*U.S. for Use of Ins. Co. of North Am.*,
567 F.2d           13

**Rules and Statutes**

Rule 23(e)(5) ...................................................................................................... 10

Rule 23(c)(2)(B) ................................................................................................... 8

Rule of Appellate Procedure 39(e) .................................................................... 14

Rule 39(e)…………………………………..…………………………….….14

Rule 23(e)…………………………………….. ..............................................12

Rule 38 U.S.C. § 1912 ……………………………………………….………..13

28 U.S.C……………………………………………………………………… 14

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.      INTRODUCTION**

3

Rule 7 of the Federal Rules of Appellate Procedure ("Rule 7") provides that, "[i]n a civil

4

case, the district court may require an appellant to file a bond or provide other security in any form

5

and amount necessary to ensure payment of costs on appeal." Plaintiffs in the above captioned

6

Action respectfully request that the Court require Appellants-Objectors to post an appeal bond of

7

$15,000 under Rule 7 to ensure that Plaintiffs can recover their taxable expenses on appeal.[2]

8

A Rule 7 bond is appropriate here because the four factors courts in the Northern District

9

of California typically take into account weigh heavily in favor of a bond. These factors are: (1)

10

Objectors-Appellants' financial ability to post a bond; (2) the risk that Objectors-Appellants would

11

not pay the Plaintiffs-Appellees' costs if Objectors-Appellants lose the appeal; (3) the merits of

12

the appeal; and (4), optionally, but not required, the Court may also consider the bad faith or

13

vexatious conduct displayed by Objectors-Appellants in making the appeal. *Jabbari v. Wells*

14

*Fargo & Co.*, No. 15-CV-02159-VC, 2018 WL 11024841, at *7 (N.D. Cal. June 13, 2018).

15

(cleaned up).

16

17

[2] Many Courts within the Ninth Circuit have interpreted Rule 7 "costs" broadly in the context of class settlements to include both taxable costs *and* the increased expenses in

18

settlement administration. *See Jabbari v. Wells Fargo & Co.*, No. 15-CV-02159-VC, 2018 WL 11024841, at *7 (N.D. Cal. June 14, 2018) ("Under *Azizian v. Federated Department Stores,*

19

*Inc.*, 499 F.3d 950, 960 (9th Cir. 2007), an appeal bond can include taxable costs and administrative costs incurred during the delay of settlement."); *Dennings v. Clearwire Corp.*,

20

928 F.Supp.2d 1270, 1272 (W.D. Wash. 2013) (imposing bond amount including costs associated with additional settlement administrative expenses).  However, Plaintiffs here have

21

determined to seek a $15,000 appeal bond to cover taxable costs only. In lieu of seeking a Rule 7 bond to cover the increased costs of administering the settlement due to the delay caused by

22

Objectors-Appellants' meritless appeal, Plaintiffs will instead seek "delay damages" at the Ninth Circuit under Rule 38 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1912.

23

*Fleury* v. *Richemont N. Am., Inc.*, No. C-05-04525-EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008). *See also U.S. for Use of Ins. Co. of North Am. V. Santa Fe Engineers, Inc.*, 567

24

F.2d 860, 861 (9th Cir. 1978) (imposing sanctions under Fed. R. App. P. 38 and 28 U.S.C. § 1912 for filing a frivolous appeal which needlessly delayed administration of the settlement);

25

*DeWitt v. Western Pac. R. Co.*, 719 F.3d 1448, 1451 (9th Cir. 1983) (imposing sanctions under

26

Rule 38 and 28 U.S.C. § 1912 for filing a frivolous appeal); *Arizona Elect. Power Co-op, Inc. v. Berkeley*, 59 F.3d 988, 993-994 (9th Cir. 1995) (same).

27

28

NOTICE OF MOTION AND MOTION FOR AN ORDER REQUIRING OBJECTORS AND
APPELLANTS MIRIAM "MABEL" BROWN AND DAVID LOPEZ TO POST AN APPEAL BOND

Objectors-Appellants' appeal should be viewed with skepticism by the Court for a multitude of reasons, as explained in detail herein. First and foremost, Objectors-Appellants are not Settlement Class Members, as attested by Defendant-Appellee Blackhawk Network, Inc. ("Blackhawk"). Objectors-Appellants were therefore not entitled to object to the Settlement at the district court nor do they have standing to raise the issue on appeal at the Ninth Circuit. Second, after fully considering Ms. Brown's and Mr. Lopez's objections, this Court summarily overruled their objections. *See* ECF No. 59, ¶ 8 ("Any objections to the Settlement have been considered and are hereby overruled."). Third, Objectors-Appellants' appeal is fruitless and frivolous, inasmuch as it focuses on an argument that they did not receive proper notice, when the reason they did not receive notice is clear – they are not Settlement Class Members. Rule 7 appeal bonds are an integral and important component of the civil justice system and are often necessary, such as in this Action, to ensure that Plaintiffs will receive costs and "delay damages" (*see* n. 2, *supra*) awarded by the Ninth Circuit in connection with Objectors-Appellants' ill-conceived appeal.

## II.    BACKGROUND

This Action arose out of a data security breach that occurred in September 2022 ("Subject Incident") that involved Blackhawk and affected 165,727 individuals who managed their prepaid payment cards via the website www.myprepaidcenter.com. Blackhawk provided notice of the Subject Incident to those with affected prepaid cards in or around October 2022.

Plaintiffs and Blackhawk reached a Settlement in the Action. The Court granted preliminary approval of the Settlement on December 15, 2023. ECF 48. The following class was preliminarily certified for Settlement purposes: "All individuals whose Personally Identifiable Information or payment card information (which includes a card account number, the CVV or CVV2 number or equivalent, and/or expiration date) was impacted in Blackhawk Network, Inc.'s Data Security Incident." *Id.,* at 2. Blackhawk provided the list of affected individuals to whom notice had previously been sent in or around October 2022 to the Settlement administrator Angeion. ECF No. 50-1, ¶ 4. Angeion used that list to send notice of the class Settlement to Settlement Class Members along with a reminder notice. *Id.* at ¶¶ 5-12. Neither Ms. Brown nor

NOTICE OF MOTION AND MOTION FOR AN ORDER REQUIRING OBJECTORS AND
APPELLANTS MIRIAM "MABEL" BROWN AND DAVID LOPEZ TO POST AN APPEAL BOND

1    Mr. Lopez were on that list because they are not members of the Settlement Class entitled to notice

2    or to submit objections. ECF No. 55, p. 3.

3          The deadline for Settlement Class Members to object was set for March 14, 2024. ECF No.

4    48 at 9. Over 160,000 Settlement Class Members received notice of the Settlement in the Action

5    and 24,287 of them submitted claims. *See* n. 3, *supra*; ECF No. 55, Declaration of Omeikiea

6    Lorenzano of Angeion Group, LLC RE: NOTICE & Administration at p. 4. Only three individuals

7    excluded themselves from the Settlement. ECF No. 55, p. 4. Not a single member of the Settlement

8    Class objected prior to the March 14, 2024 deadline, nor have any Settlement Class Members

9    objected after the deadline (again, Ms. Brown and Mr. Lopez are not members of the Settlement

10   Class). *Id.* At the conclusion of the Settlement administration process, Plaintiffs filed an unopposed

11   Motion for Final Approval of the Class Action Settlement on March 22, 2024. ECF No. 50.

12         On April 16, 2024, Ms. Brown filed an untimely objection with the Court. ECF No. 53. On

13   April 19, 2024, Mr. Lopez filed an untimely objection with the Court. ECF No. 54. Both Ms.

14   Brown and Mr. Lopez assert that they are Settlement Class Members, argue that the Settlement is

15   unfair,[3] the claims form is confusing, and contest that they were unaware of the March 14, 2024

16   objection deadline because they received late "notice" from Blackhawk about the Subject Incident.

17   ECF Nos. 53, 54. However, the "notice" they refer to were communications from Blackhawk's

18   customer service representatives in response to Ms. Brown's and Mr. Lopez's queries, not the

19   notices of the Subject Incident and Class Settlement. In each case, the representative erroneously

20   informed Ms. Brown and Mr. Lopez that their prepaid card information had been impacted. ECF

21   No. 55, p. 3 n. 1. Blackhawk has entered into the record that "[u]pon learning of Ms. Brown's and

22   Mr. Lopez's objections, Blackhawk conducted a reasonable investigation and confirmed Ms.

23   Brown and Mr. Lopez were both given erroneous information that their prepaid card had been

24   affected in the Data Security Incident when that was not the case." ECF No. 55 (citing Declaration

25   of Michael Vergara, ¶¶ 4-5, 8-9).

26

27         [3] Notably, Ms. Brown admits that she is objecting to a Settlement which she "[has] not had
     the chance to review[.]" ECF No. 53, p. 1.

28                                                    3

On May 31, 2024 the Court held a final fairness hearing to consider Plaintiffs' Motion for Final Approval of the Class Action Settlement and Plaintiffs' Motion for Approval of Attorneys' Fees, Expenses, and Service Awards to Class Representative Plaintiffs. Neither Ms. Brown nor Mr. Lopez made an appearance at the fairness hearing, and no counsel appeared on their behalf. Declaration of Kiley Grombacher in Support of Plaintiffs' Motion for Appeal Bond ("Grombacher Decl."), ¶ 3. Exh. A.

In sum, because none of Objectors-Appellants' information was compromised in the Subject Incident, the Settlement of this Action has no bearing on their respective situations or rights and they were therefore not entitled to receive personal notice of the Subject Incident or Settlement. The Court correctly overruled their previous untimely objections because they had no standing to object to the Settlement at the district court (ECF No. 55), and Objectors-Appellants likewise have no standing to appeal the Settlement to the Ninth Circuit.

In an effort to resolve Objectors-Appellants' concerns absent judicial intervention, Plaintiffs' counsel communicated to Ms. Brown and Mr. Lopez, who appear to be *pro se* litigants, via their respective email addresses on record to discuss their lack of standing to appeal. *See* Grombacher Decl. ¶ 4, Exh. A. Ms. Brown did not reply to the email. In his reply to the email, Mr. Lopez stated his belief that it would be "inappropriate for [him] to dismiss [his] appeal." *Id.* Exh. B.

To date, Objectors-Appellants have not dismissed their appeal. Grombacher Decl. ¶ 5. Consequently, Plaintiffs now bring the instant motion for an order requiring Objectors-Appellants to post a Rule 7 appeal bond.

## III.   ARGUMENT

### A.   The Legal Standard for Imposing a Rule 7 Appeal Bond

Rule 7 provides that "'the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payments of costs on appeal.'" *Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950, 954-955 (9th Cir. 2007) (citing Rule 7); *Senne v. Kansas City Royals Baseball Corp.*, No. 14-cv-00608, 2023 WL 4238509, at *1 (N.D. Cal. June

27, 2023) (same). "[T]he purpose of [an appeal bond] is to protect an appellee against the risk of nonpayment by an unsuccessful appellant." *Fleury v. Richemont N. Am., Inc.*, No. C-05-04525-EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008). "The need for a bond, as well as its amount, are left to the discretion of the trial court." *Senne*, 2023 WL 4238509, at *1. (cleaned up).

In the class action context, when faced with objectors threatening to delay the distribution of a settlement based on a meritless appeal, district courts routinely require the objectors to post bonds. *See, e.g.*, *Miletak v. Allstate Ins. Co.*, No. C 06-03778, 2012 WL 3686785, at *2 (N.D. Cal. Aug. 27, 2012) (approving bond because, *inter alia*, "the appeal will require class members and counsel to wait 'approximately two years' to resolve"); *In re Netflix Privacy Litig.*, No. 5:11-cv-00379, 2013 WL 6173772, at *3 (N.D. Cal. Nov. 25, 2013) (approving a Rule 7 bond); *In re MagSafe Apple Power Adapter Litig.*, No. C 09-01911 JW, 2012 WL 12921301, at *1-2 (N.D. Cal. July 6, 2012) (same); *In re Pharm Indus. Average Wholesale Price Litig.*, 520 F.Supp.2d 274, 277-278 (D. Mass 2007) ("requiring objectors to post a bond will ensure that a class litigating a frivolous appeal will not be injured or held up by spoilers"). "Some objections, [] are made for improper purposes, and benefit only the objectors and their attorneys (e.g., by seeking additional compensation to withdraw even ill-founded objections). An objection even of little merit, can be costly and significantly delay implementation of a class settlement." *In re Hydroxycut Mktg. & Sales Practices Litig.*, Nos. 09-md-2087 BTM (KSC) and 09-cv-1088 BTM (KSC), 2013 WL 5275618, at *5 n.3 (S.D. Cal. Sept. 17, 2013). (cleaned up).

The Court should consider the following factors in determining whether a Rule 7 bond is appropriate: (1) Objectors-Appellants' financial ability to post bond; (2) the risk that Objectors-Appellants will not pay the costs if they lose the appeal; and (3) the likelihood that they will lose the appeal and be subject to costs. *Senne*, 2023 WL 4238509, at *1 (citing *Schulken v. Washington Mut. Bank*, No. 09-CV-02708-LHK, 2013 WL 1345716, at *4 (N.D. Cal. Apr. 2, 2013)). Evidence of possible bad faith or vexatious conduct also warrants imposing a Rule 7 bond. *Jabbari*, 2018 WL 11024841, at *7; *Dennings v. Clearwire Corp.*, 928 F.Supp.2d at 1271.

1    These factors provide more than a sufficient basis for an appeal bond. Furthermore,

2   Plaintiffs respectfully request txhat the Court should allow for additional expedited discovery in

3   connection with this motion for appeal bond. Should this Court grant Plaintiffs' request for limited

4   expedited discovery, Plaintiffs respectfully request leave to supplement this motion with the

5   pertinent information obtained through discovery.

6       **B.    All Factors Weigh in Favor of Imposing a Rule 7 Appeal Bond**

7           **1.   Objectors-Appellants Have Not Established that They are Financially Unable
8                to Post a Bond**

9    The Objectors-Appellants must supply evidence of their inability to post a bond. *Senne*,

10   2023 WL 4238509, at *2. It is insufficient to rely on belief or assumptions that Objectors-

11   Appellants "are 'not financially well-off.'" *Id*. Nor would it be sufficient for Objectors-Appellants

12   to merely "contend that the appeal bond would be burdensome." *Netflix*, 2013 WL 6173772, at *3.

13   Bare assertions of inability to pay are insufficient to avoid payment of bond by an objector to a

14   settlement who desires to appeal the settlement and delay relief to the class. *Fleury*, 2008 WL

15   4680022, at * 7.

16      To make the showing needed to support any argument against imposing a Rule 7 bond,

17   Ms. Brown and Mr. Lopez "must [each] provide specific financial information" to the Court

18   "demonstrating that they cannot afford to post a bond and/or reflecting the maximum amount that

19   they can afford." *Senne*, 2023 WL 4238509, at *2 (citing *Fleury*, 2008 WL 4680033, at *7

20   recognizing that where appellant provided "no financial information to indicate that she [was]

21   financially unable to post a bond" "[t]his factor would normally weigh in favor of a bond")).

22      Plaintiffs are unaware of any inability by either Ms. Brown or Mr. Lopez to pay the

23   requested bond. Absent evidence of any "specific financial information" (*Senne*, 2023 WL

24   4238509, at *2) to demonstrate that posting a bond would impose a substantial hardship, this factor

25   weighs in favor of granting Plaintiffs' request for a Rule 7 bond. *See Padgett v. Loventhal*, No.

26   5:04-cv-03946, 2015 WL 4240804, at *3 (N.D. Cal. July 13, 2015) (the appellee must contend and

27

28

submit clear evidence showing an inability to post a bond in order for this factor to weigh against the imposition of a bond).

Moreover, even if there is evidence of substantial financial hardship, "the significant risk of non-payment of costs and the lack of merit in [Objectors-Appellants'] appeal" can nonetheless tip in favor of requiring a bond. *In re MagSafe Apple Power Adapter Litig.*, 2012 WL 12921301, at *2. As discussed below, Objectors-Appellants' appeal lacks merit because they are not members of the Settlement Class and do not have standing to object to, or appeal, the Settlement.

Thus, the first factor weighs in favor of an appeal bond.

### 2. There is a Significant Risk that Objectors-Appellants Would Not Pay Plaintiffs' Costs on Appeal

"The second factor, risk of non-payment, weighs in favor of granting an appeal bond when collecting costs after a failed appeal would be difficult." *James v. Uber Techs. Inc.*, No. 19-CV-06462-EMC, 2022 WL 6468665, at *4 (N.D. Cal. Oct. 10, 2022) (citing *Fleury*, 2008 WL 4680033, at *7). Courts have frequently observed that it is more difficult to collect, and thus an appeal bond is likely appropriate, when "an objector resides outside of the state or circuit where an appeal was filed." *Id.* (citing *Fleury*, 2008 WL 4680033, at *7 (finding the risk of non-payment favored granting the bond because the objector did not reside in California or the Ninth Circuit)); *see also Schulken*, 2013 WL 1345716, at *5 ("[C]ourts in the Northern District have recognized that collecting costs from out of state appellants may be difficult."). Even when the appellant resides within the Ninth Circuit, the fact that the appellant resides outside the jurisdiction of the district court has been found sufficient to support requiring a Rule 7 bond. *Padgett v. Loventhal*, No. 5:04-cv-03946, 2015 WL 4240804, at *3 (finding the risk of non-payment weighs in favor of granting the bond request where the appellant resides within the jurisdiction of the Ninth Circuit but outside the jurisdiction of the district court).

Objectors-Appellants have not demonstrated that they reside anywhere within this Court's jurisdictional reach, within California, or within the Ninth Circuit. In her written objection and appeal, Ms. Brown provided the Court with an address in Providence, Rhode Island. In his written

NOTICE OF MOTION AND MOTION FOR AN ORDER REQUIRING OBJECTORS AND APPELLANTS MIRIAM "MABEL" BROWN AND DAVID LOPEZ TO POST AN APPEAL BOND

1  objection and appeal, Mr. Lopez provided the Court with an address in Puebla, Puebla, Mexico.

2  Here, Class Counsel would have to travel across the country, and perhaps internationally, to

3  enforce the Ninth Circuit's order imposing costs under Rule 39(e) and "delay damages"[4] under

4  Rule 38 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1912.

5      Thus, the second factor weighs heavily in favor of an appeal bond.

6  ## C.    Objectors-Appellants' Appeal is Meritless and Frivolous

7      Paramount to the Court's analysis is the fruitlessness of Objectors-Appellants' appeal. The

8  focal point of their objection and appeal is their argument that they did not receive proper notice

9  of the Settlement. Fatal to Objectors-Appellants' position is the fact neither Ms. Brown nor Mr.

10  Lopez are members of the Settlement Class. First, Blackhawk was not required to provide

11  Objectors-Appellants with notices of the Subject Incident in October 2022 because their data were

12  not involved in the Subject Incident. Nor was the settlement administrator required to provide

13  Objectors-Appellants with notice of the Settlement because they were ineligible to file a claim

14  given that their data were not involved in the Subject Incident. Second, because they are not

15  members of the Settlement Class, they did not have standing to object to the Settlement at the

16  district court, and they similarly lack the Article III standing required for eligibility to object to the

17  Settlement on appeal at the Ninth Circuit. Third, their appeal is likely to fail because the Ninth

18  Circuit has stated time and again that it "will rarely overturn" a district court's approval of a class

19  action settlement.

20  ## D.    Objectors-Appellants are not members of the Settlement Class

21      Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure (emphasis added) is clear that

22  "*class members*" should receive the "best notice that is practicable under the circumstances"

23  regarding a proposed class settlement. It is not only unnecessary for non-class members to receive

24  notice, but it is also problematic if they receive unnecessary notice. As one court observed, "it is

25  clear that mailing a notice of a class action directly to a non-class member[s]" would "confuse

26

27  ───────────────

[4] *Fleury*, 2008 WL 4680033, at *8.

28

1    recipients" and "would likely lead to inquiries by non-class members." *Flynn v. Sony Elecs., Inc.*,

2    No. 09-cv-2109, 2015 WL 128039, at *3 (S.D. Cal. Jan. 7, 2015).

3         The only documentation Ms. Brown and Mr. Lopez have submitted relevant to their

4    argument that they are Settlement Class Members are copies of email correspondence from

5    Blackhawk customer service representatives. Neither Ms. Brown nor Mr. Lopez included copies

6    of the inquiries they submitted to Blackhawk, but instead only provided the replies from

7    Blackhawk customer service representatives, which are cryptic in nature. In Ms. Brown's email,

8    dated April 7, 2024, the customer service representative writes "Yes, was impacted your card."

9    ECF No. 53 (scrivener's error in original). In Mr. Lopez's email, dated April 14, 2024, the

10   customer service representative writes "Yesm the card it was affected[.]" ECF No. 54 (scrivener's

11   error in original). When read in their entirety, it is unclear whether these emails concern the Subject

12   Incident. Ms. Brown and Mr. Lopez both mistakenly identify their respective email

13   correspondence as untimely notice of their status as Settlement Class Members. This is incorrect.

14   Even if these customer service representatives were referring to the Subject Incident, upon learning

15   of Objectors-Appellants' objections, Blackhawk conducted a reasonable investigation and

16   reaffirmed that the customer service representatives were in error if they were referring to the

17   Subject Incident and Objectors-Appellants are not members of the Settlement Class. ECF No. 55.

18        Blackhawk has already addressed Objectors-Appellants' arguments in detail in its

19   Response to Objections to Settlement. *Id.* Moreover, the Court has already reviewed and overruled

20   Ms. Brown's and Mr. Lopez's objections in its Final Approval Order granting final approval of

21   the Class Settlement. ECF No. 59, ¶ 8 ("Any objections to the Settlement have been considered

22   and are hereby overruled.") The baseless nature of the underlying appeal weighs in favor of

23   imposing a bond, particularly where the same arguments had previously been rejected by the same

24   court. *See Embry v. ACER Am. Corp.*, No. C 09-01808 JW, 2012 WL 2055030, at *1 (N.D. Cal.

25   June 5, 2012) (finding that the appeal lacked merit because, *inter alia*, the Court had previously

26   "carefully considered each of these objections and overruled them prior to approving the

27   settlement"); *Netflix*, 2013 WL 6173772, at *3 (third factor satisfied where the court had

28

1    previously considered and rejected "the merits of the objections").

2           Moreover, it is unclear whether Objectors-Appellants are even residents of the United

3    States eligible to participate in a nationwide settlement. The only address on record for Ms. Brown

4    is a postal mailbox, not a residential address, in Rhode Island.  The only address on record for Mr.

5    Lopez is a mailbox in Mexico, which does not appear to be a residential address. To date, Mr.

6    Lopez's only known connection to the United States comes from his objection, where he states

7    that the U.S. address on his Blackhawk account was an "office mailing address" for a U.S. "mail

8    service that forwards mail from USA to Mexico for [him]." ECF No. 54, ¶ 5. More discovery is

9    needed to determine Objectors-Appellants' true and correct places of residence.

10       **E.  Objectors lack standing to object to the Settlement because they are not Settlement**
         **Class Members**

11

12          In regard to Objectors-Appellants' lack of standing, "[t]he plain language of Rule 23(e)

13   clearly contemplates only allowing class members to object to settlement proposals." *Gould v.*

14   *Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989); *see* Fed. R. Civ. P. 23(e)(5) (emphasis added)

15   ("Any *class member* may object to the [Settlement] proposal[.]"). "[N]on-class members have no

16   standing to object, and routinely allowing them to inject their concerns" only serves to "frustrate[]

17   the goal of encouraging settlements." *Hazlin v. Botanical Lab'vs. Inc.*, No. 13-cv-0618, 2015 WL

18   11237634, at *4 (S.D. Cal. May 20, 2015).  (cleaned up). *See also San Francisco NAACP v. San*

19   *Francisco Unified School Dist.*, 59 F.Supp.2d 1021, 1032 (N.D. Cal. 1999) ("non[-]class members

20   have no standing to object to the settlement of a class action"); *Miller v. Ghiradelli Chocolate*

21   *Company*, 2015 WL 758094, at *10 (N.D. Cal. Feb. 20, 2015) (collecting cases stating the

22   proposition that an individual must have standing to qualify to object to the settlement).

23          "[U]nder Rule 23(e), non-class members," like Objectors-Appellants here, "have no

24   standing to object to a lack of notice." *Tennessee Ass'n. of Health Maint. Organizations, Inc. v.*

25   *Grier*, 262 F.3d 559, 566 (6th Cir.). Likewise, "[o]bjectors who are non-Class members lack

26   standing to object to the fairness, reasonableness and adequacy of the Settlement." *In re Drexel*

27   *Burnham Lambert Grp., Inc.*, 130 B.R. 910, 923 (S.D.N.Y. 1991), *aff'd*, 960 F.2d 285 (2d. Cir.

28
                                                  10

1  1992). Party status is a deeply ingrained jurisdictional requirement which Objectors-Appellants

2  should not be permitted to evade. *Shakman v. Clerk of Cir. Ct. of Cook Cnty.*, 969 F.3d 810, 812

3  (7th Cir. 2020) (collecting cases). *See also U.S. ex rel. Louisiana v. Boarman*, 244 U.S. 397, 402

4  (1917) (the general bar against appeals by nonparties is "a subject no longer open to discussion");

5  *In re Leaf Tobacco Bd. of Trade of N.Y.C.*, 222 U.S. 578, 581 (1911) ("One who is not a party to

6  a record and judgment is not entitled to appeal therefrom."). Simply stated, "a court need not

7  consider the objections of non-class members because they lack standing." *Moore v. Verizon

8  Communications Inc.*, No. C 09-1823 SBA, 2013 WL 4610764, at *9 (N.D. Cal. Aug. 28, 2013).

9  Objectors-Appellants have failed to satisfy their burden of establishing that they are

10  Settlement Class Members—nor can they because they are not—, and therefore their appeal is

11  frivolous and wholly without merit because they have no standing to object to the Settlement either

12  at this Court or on appeal to the Ninth Circuit. *Hydroxycut Mktg.*, 2013 WL 5275618, at *2 (S.D.

13  Cal. Sept. 17, 2013).

14  **F.   The Ninth Circuit rarely overturns a district court's approval of a class   settlement**

15  To the extent that Objectors-Appellants object to and appeal the Settlement from a fairness

16  perspective, (*see* ECF No. 54 ¶ 18 (Mr. Lopez: "Everything here is unfair and not well thought."))

17  this argument also falls flat. The Ninth Circuit's review of the district court's reasoning underlying

18  the approval of a class action settlement is "extremely limited." *In re Volkswagen "Clean Diesel"

19  Mktg., Sales Pracs., & Prod. Liab. Litig.*, 895 F.3d 597 609 (9th 2018). (cleaned up). The Ninth

20  Circuit will "reverse only upon a strong showing that the district court's decision was a clear abuse

21  of discretion." *Id.* (cleaned up). "As a practical matter [the Ninth Circuit] will rarely overturn" a

22  final order approving a class action settlement "unless the terms of the agreement contain

23  convincing indications that … self-interest rather than the class's interest in fact influenced the

24  outcome of the negotiations and that the district court was wrong in concluding otherwise. *Staton

25  v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003). The Ninth Circuit holds "district courts to a high

26  *procedural* standard in their review of a settlement," but the Ninth Circuit will "rarely overturn" a

27  settlement approval order "on appellate review for *substantive* reasons." *Volkswagen*, 895 F.3d at

28  

NOTICE OF MOTION AND MOTION FOR AN ORDER REQUIRING OBJECTORS AND
APPELLANTS MIRIAM "MABEL" BROWN AND DAVID LOPEZ TO POST AN APPEAL BOND

1  609 (emphasis in original). (cleaned up).

2  It is highly unlikely that the Ninth Circuit will overturn this Court's final approval order.

3  The Court relied upon the fully developed record to analyze the Settlement agreement presented

4  to the Court, and the Court's analytical framework was clear. The Court determined that all of the

5  Rule 23 standards for class actions had been met without regard to the presence or terms of the

6  pending Settlement agreement. ECF No. 59, ¶¶ 9-10. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011,

7  1020 (9th Cir. 1998) (cleaned up), *overruled on other grounds by Wal-Mart v. Dukes*, 564 U.S.

8  338 (2011) (a district court does not abuse its discretion when approving a settlement that satisfies

9  Rule 23's class action requirements).

10  Additionally, the Court assessed the Settlement as required by Rule 23(e) and found it to

11  be fair, adequate, reasonable, in the best interests of the class, and the result of arm's-length

12  negotiations between the parties. ECF No. 59, ¶¶ 11-14. *See Officers for Just. V. Civ. Serv. Commn.*

13  *Of City & Cnty. Of San Fransisco*, 688 F.2d 615, 625 (9th Cir. 1982) (Rule 23(e) requires the

14  district court to evaluate a proposed class action settlement for fairness, adequacy, and

15  reasonableness). "The district court's ultimate determination" under Rule 23(e) "will necessarily

16  involve a balancing of several factors," one of which includes "the reaction of the class members

17  to the proposed settlement." *Id.* Here, over 160,000 Settlement Class Members received notice of

18  the Settlement and 24,287 of them submitted claims. Grombacher Decl., Exh. A; ECF No. 55

19  (Response to Objections to Settlement) at p. 4. At the fairness hearing, the Court observed that

20  these claims statistics are "Great. That's very good." *Id.* Only three individuals excluded

21  themselves from the Settlement. Not a single member of the Settlement Class objected. ECF No.

22  55, p. 4. This overwhelmingly positive reaction of Settlement Class Members to the Settlement

23  supports the imposition of a Rule 7 bond against Objectors-Appellants. *Keller v. Nat'l Collegiate*

24  *Athletic Assn.*, No. C 09-1967 CW, 2015 WL 6178829, at *3 (N.D. Cal. Octo. 21, 2015). Also,

25  particularly salient to Objectors-Appellants' attack, the Court carefully examined and approved of

26  the notice given to the Settlement Class and made clear that it considered all objections to the

27  Settlement before overruling those objections. ECF No. 59, ¶¶ 8-10.

28

1       In sum, the Ninth Circuit will very likely not disturb the Court's Final Approval Order

2  because its holding "strictly comport[s]" with the "substantive and procedural standards" in place

3  to guide a district court's review of a proposed class settlement. *Staton*, 327 F.3d at 960.

4         **G.    Objectors-Appellants Have Acted in Bad Faith and Vexatiously**

5       The Court may consider the bad faith or vexatious conduct displayed by Objectors-

6  Appellants in making the appeal when determining whether an appeal bond is appropriate. *Jabbari*,

7  2018 WL 11024841, at *7.  (cleaned up).  However, such a finding is not a necessary prerequisite

8  to imposing a Rule 7 bond. *Figure Eight Holds, LLC v. Dr. Jay's, Inc.*, No. CV 10-7828 R, 2012

9  WL 12893450, at *2 (C.D. Cal. June 18, 2012), *aff'd sub nom. Figure Eight Holdings LLC v. Dr.*

10  *Jay's, Inc.*, 534 F.App'x 670 (9th Cir. 2013). (cleaned up).

11       Ms. Brown's perspective that "[she] lost a lot of money because Blackhawk stole the funds

12  on [her] card and kept them" has no relation to the underlying claims of the Settlement Class,

13  which is that their personally identifiable information was involved in the Subject Incident. ECF

14  No. 53, p. 2.  Similarly, Mr. Lopez's viewpoint that his money was "lost" or that "Blackhawk took

15  [his] money" is irrelevant to the underlying claims of the Settlement Class related to the Subject

16  Incident. ECF No. 54, ¶¶ 4, 15. Of course, Ms. Brown and Mr. Lopez are at liberty to file suit

17  against Blackhawk for any colorable claims they believe that they have. However, as Plaintiffs'

18  counsel has already explained to Objectors-Appellants, those claims are outside the purview of the

19  Settlement Class claims. Grombacher Decl. ¶ 4, Exhibit A. It is vexatious, unjust, and inequitable

20  for Objectors-Appellants to hold hostage the relief that is currently available to the Settlement

21  Class and to keep eligible and verified Settlement Class Members waiting while Objectors-

22  Appellants forge ahead with their misguided appeal. Objectors-Appellants' conduct is purely self-

23  serving and unfairly harms the Settlement Class. As stated previously, the Ninth Circuit has held

24  that appeals "pursued for purposes of delay" are frivolous and subject to sanctions under Federal

25  Rule of Appellate Procedure 38 and 28 U.S.C. § 1912. *U.S. for Use of Ins. Co. of North Am.*, 567

26  F.2d at 861.

27

28

NOTICE OF MOTION AND MOTION FOR AN ORDER REQUIRING OBJECTORS AND
APPELLANTS MIRIAM "MABEL" BROWN AND DAVID LOPEZ TO POST AN APPEAL BOND

1    Objectors-Appellants' also vexatiously and baselessly argue, among other things, that the

2    claims form used in settlement administration was confusing, "unfair and inappropriate" (ECF No. 53,

3    p. 2) as well as "deceptive[]" (ECF No. 54, ¶ 17.)  These arguments are squarely and unequivocally

4    contradicted by the fact that *many thousands of Settlement Class Members*—24,287, to be exact—

5    were able to understand the claim form and successfully submit their claims. Moreover, no true

6    Settlement Class Member has objected to the Settlement in any way.

7    Lastly, Ms. Brown fully admits that she is objecting to the Settlement but "[has] not had a

8    chance to review the settlement"—i.e., she is objecting to a Settlement she has not even read and does

9    not know the terms of. ECF No. 53, p. 1. Also curious to Ms. Brown's objection is that her precise

10   identity remains unknown because she identifies herself as both "*Marian* 'Mabel' Brown" and

11   "*Miriam* 'Mabel' Brown" in her Notice of Appeal. ECF No. 60 (emphasis added).

12   While it is unnecessary for the Plaintiffs to establish bad faith and vexatious conduct to justify

13   the grant a Rule 7 appeal bond, Plaintiffs have certainly established such conduct by Objectors-

14   Appellants here.

15   Therefore, all of the factors—Objectors-Appellants' financial ability to post a bond, the risk of

16   nonpayment upon Objectors-Appellants' loss of the appeal, the merits of the appeal, and Objectors-

17   Appellants' vexatious conduct—favor granting a Rule 7 appeal bond.

18   **H.   The Requested Bond Amount of $15,000 is Reasonable**

19   The Ninth Circuit has held that Rule 7 costs on appeal should include those identified in Federal

20   Rule of Appellate Procedure 39(e). *Azizian*, 400 F.3d at 958. Rule 39(e) lists as taxable costs: (1)

21   preparation and transmission of the record; (2) the reporter's transcript; (3) any premium paid for a

22   supersedeas bond or other bond to preserve rights pending appeal; and (4) the filing fee for the notice

23   of appeal. "Plaintiffs are [also] entitled to include in the bond amount the costs that will be incurred for

24   deposition transcripts in connection with the deposition transcripts of the Objectors" as part of the

25   additional discovery Plaintiffs have requested herein. *Senne*, 2023 WL 4238509, at *3 (citing, *inter*

26   *alia*, *Alflex Corp. v. Underwriters Lab'ys, Inc.*, 914 F.2d 175, 177 (9th Cir. 1990) (holding that fees for

27   relevant deposition copies are properly taxed under 28 U.S.C. § 1920)).

28

1  Courts routinely approve estimates of $15,000 for these costs. *See Senne*, 2023 WL

2  4238509, *5 (ordering a $24,000 Rule 7 bond); *Tait v. BSH Home Appliances Corp.*, No. SA CV

3  10-0711-DOC, 2015 WL 12748268, at *2 (estimating Rule 39(e) costs at $15,000);; *In re*

4  *Wachovia Corp. Pick-A-Payment Mortg. Mktg. & Sales Pracs. Litig.*, No. 5:09-MD-02015-JF

5  PSG, 2011 WL 3648508, at *2 (N.D. Cal. Aug. 18, 2011) (estimating Rule 39(e) costs at $15,000).

6  Rule 7 does not contain language requiring the party to make a showing of alleged costs.

7  Nevertheless, Plaintiffs estimate that they will face substantial expenses in addressing both of the

8  Objectors-Appellants' appeals, including the costs of: printing, photocopying, preparing and

9  serving the appeal, responding to the appellate brief, and obtaining transcripts—including

10  transcripts of the depositions of Objector-Appellant Ms. Brown and Objector-Appellant Mr.

11  Lopez, taken in connection with the additional discovery granted by the Court. Grombacher Decl.

12  ¶ 6. Plaintiffs estimate that these costs will be at least $15,000. *Id.* As such, Plaintiffs request a

13  Rule 7 appeal bond, for which Objectors-Appellants shall be jointly and severally liable, in the

14  amount of $15,000, which is a reasonable amount under the circumstances.

### I. Expedited Discovery is Necessary to Determine Whether Objectors-Appellants are Settlement Class Members and To Determine Their Ability to Pay Costs When They Lose Their Appeal

18  Plaintiffs are immediately prepared to conduct formal expedited discovery, including

19  depositions and written discovery to permit Plaintiffs' counsel to determine whether Ms. Brown

20  and Mr. Lopez are Settlement Class Members with standing to object to the Settlement and, if so,

21  to determine their ability to pay Plaintiffs' costs and requested sanctions when Objectors-

22  Appellants lose their appeal.

23  Plaintiffs anticipate that the requested expedited discovery will include a handful of

24  requests for production of documents and the depositions of Ms. Brown and Mr. Lopez.

25  Grombacher Decl. ¶ 5. Plaintiffs' counsel are agreeable to making the depositions as convenient

26  as possible for Objectors-Appellants, including taking the depositions remotely if needed.

27  / / /

28
NOTICE OF MOTION AND MOTION FOR AN ORDER REQUIRING OBJECTORS AND
APPELLANTS MIRIAM "MABEL" BROWN AND DAVID LOPEZ TO POST AN APPEAL BOND

1

**IV.    CONCLUSION**

Each of the factors supports imposing a Rule 7 appeal bond against Appellants-Objectors Ms. Brown and Mr. Lopez. Accordingly, Plaintiffs respectfully request that the Court enter an Order requiring both Objectors-Appellants to immediately, jointly and severally, post an appeal bond in the amount of $15,000, or any other such amount that the Court finds appropriate. Plaintiffs also respectfully request that the Court enter an Order granting Plaintiffs leave to conduct the limited discovery requested herein.

DATED: October 1, 2024          Respectfully submitted,

**BRADLEY/GROMBACHER LLP**


By:  /s/ *Kiley L. Grombacher*
       Kiley L. Grombacher, Esq.
       Marcus J. Bradley, Esq.
       31365 Oak Crest Drive, Suite 240
       Westlake Village, CA 91361
       Phone: (805) 270-7100
       Email:  mbradley@bradleygrombacher.com
                  kgrombacher@bradleygrombacher.com

       *Attorneys for the Cortez Plaintiffs*
       *and Proposed Class*

NOTICE OF MOTION AND MOTION FOR AN ORDER REQUIRING OBJECTORS AND APPELLANTS MIRIAM "MABEL" BROWN AND DAVID LOPEZ TO POST AN APPEAL BOND