IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BLACKHAWK NETWORK DATA BREACH LITIGATION.<br><br>This Document Relates to:<br>3:22-cv-7492-CRB (Cortez). | Case No. 22-cv-07492-CRB<br><br>**ORDER REGARDING APPEAL BOND** |

Plaintiffs are a class of individuals who managed their prepaid payment cards online at www.myprepaidcenter.com. They entered into a settlement agreement with Defendant Blackhawk Network, Inc., which operated that website, following a data security breach at Blackhawk that impacted Plaintiffs' information. See Order Granting Mot. for Settlement (dkt. 48). Two individuals—Mariam "Mabel" Brown and David Lopez—objected to the settlement shortly before the Court approved it as final, stating they were never notified of the settlement. Mot. for Clarification (dkt. 53); Objs. (dkt. 54). The Court approved the final settlement over these objections. Final Approval Order (dkt. 59). Brown and Lopez have appealed the settlement order, and Plaintiffs now seek an appeal bond of $15,000 under Federal Rule of Appellate Procedure 7. The Court finds the matter suitable for resolution without oral argument pursuant to Local Civil Rule 7-1(b) and **GRANTS** Plaintiffs' motion as to the appeal bond.[1]

---

[1] Plaintiffs also seek expedited discovery as to whether Brown and Lopez qualify as class members and to determine their ability to pay costs. See Mot. for Bond (dkt. 74) at 15. Plaintiffs insist that expedited discovery is "necessary," but they do not explain why. Nor do they support their request with any authority. Plaintiffs' request for discovery is thus **DENIED WITHOUT PREJUDICE**.

The Court considers the following factors in determining whether to require class action objectors to post an appeal bond: "(1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the appeal loses; (3) the merits of the appeal; and (4) whether the appellant has shown bad faith or vexatious conduct." Jabbari v. Wells Fargo & Co., No. 15-cv-2159-VC, 2018 WL 11024841, at *7 (N.D. Cal. June 13, 2018). Here, the first three factors weigh in favor of a bond.

**Financial Ability.** The first factor will "normally weigh in favor of a bond" unless the objector-appellant offers "specific financial information demonstrating that they cannot afford to post a bond []or reflecting the maximum amount that they can afford." Senne v. Kansas City Royals Baseball Corp., Case No. 14-cv-608-JCS, 2023 WL 4238509, at *2 (N.D. Cal. June 27, 2023) (quoting Fleury v. Richemont N. Am., Inc., No. C-05-4525 EMC, 2008 WL 4680033, at *7 (N.D. Cal. Oct. 21, 2008)). Brown and Lopez do not offer any evidence that they would be unable to post a bond, so this factor supports a bond.

**Risk of Nonpayment.** The second factor weighs in favor of imposing a bond when the objector-appellant resides outside the district (and even more so outside the state or country) of the district court. See James v. Uber Techs., Inc., No. 19-cv-6462-EMC, 2022 WL 6468665, at *4 (N.D. Cal. Oct. 10, 2022) (explaining that it is more difficult to collect when "an objector resides outside of the state or circuit where an appeal was filed"); Padgett v. Loventhal, No. 04-cv-3946-EJD, 2015 WL 4240804, at *3 (N.D. Cal. July 13, 2015) (finding that an objector-appellant's residence outside the Northern District of California, but in the Ninth Circuit, weighs in favor of an appeal bond). Lopez lives in Mexico, see Opp. to First Mot. for Bond (dkt. 69) ¶ 14 n.2, and Brown appears to reside in Rhode Island.[2] This factor therefore weighs in favor of a bond.

**Merits of Appeal.** Plaintiffs argue that Brown and Lopez's appeal is meritless because they lack standing to object to the settlement as non-members of the settlement

---

[2] Brown has not complied with Local Civil Rule 3-4(a)(1), which requires her to include her address on the first page of all her filings. The only indication of her residence is the return address on the letter in which she first objected to the settlement. See Mot. for Clarification Envelope (dkt. 34-1).

2

class.  In support, Plaintiffs rely on Blackhawk's vice president of risk management operations, who declared that neither Brown nor Lopez was impacted by the data breach. See Vergara Decl. (dkt. 57-1) ¶¶ 5, 9; see also Final Approval Order ¶ 4 (defining the settlement class).  Brown and Lopez do not even assert that they were impacted by the data breach; instead, Brown says she "lost a lot of money because Blackhawk stole the funds on [her] card and kept them," Mot. for Clarification at 1, and Lopez says only that he "lost over $3000 due to Blackhawk," Objs. ¶ 4.  Those assertions, even if true, do not make Brown and Lopez members of the settlement class.[3]  This factor therefore weighs in favor of imposing a bond.

In an attempt to skirt the standing issue, Brown and Lopez point to a recent unpublished Ninth Circuit opinion, In re Transpacific Passenger Air Transp. Antitrust Litig., No. 23-15118, 2024 WL 810703, (9th Cir. Feb. 27, 2024).  There, the Ninth Circuit explained that "[d]espite the Objectors' lack of standing, the district court properly exercised its retained jurisdiction over the distribution of the settlements." Id. at *1.  This statement does not, as Brown suggests, indicate that her lack of standing is a non-issue in this case.  Rather, it simply restates the black-letter principle that district courts have a duty, "independent of any objection from a member of the class," to "ensure that attorneys' fees awarded pursuant to Federal Rule of Civil Procedure 23(h) are reasonable." In re Optical Disk Drive Prods. Antitrust Litig., 959 F.3d 922, 929 (9th Cir. 2020).  Brown and Lopez do not object to the attorneys' fees in this settlement, however, so the quoted language from Transpacific does not help them here.

**Bad Faith.**  The Court does not find that Brown and Lopez have acted in bad faith by bringing their appeal, "misguided" or "baseless[]" as it may be.  Mot. for Bond at 13–

---

[3] Brown and Lopez argue that the Court should have certified the settlement class of only those individuals who received notice of the case.  Opp. ¶¶ 13, 16 n.3.  This would not fix their lack of standing to challenge the settlement; to the contrary, it would exacerbate it. Moreover, Federal Rule of Civil Procedure 23(c)(2)(B) does not require courts to limit settlements to those class members who received actual notice; it requires only that class members receive the "best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."

14. There is no record support for Plaintiffs' assertion that their appeal was "pursued for purposes of delay." Id. at 13 (quoting United States ex rel. Ins. Co. of N. Am. v. Santa Fe Eng'rs, Inc., 567 F.2d 860, 861 (9th Cir. 1978) (per curiam)). Yet their bad faith or vexatious conduct "is not a necessary prerequisite to imposing a bond," Figure Eight Holdings, LLC v. Dr. Jay's, Inc., No. CV 10-7828 R, 2012 WL 12893450, at *2 (C.D. Cal. June 18, 2012), and the Court finds that the other three factors warrant imposing an appeal bond in this case.

**Bond Amount.** Plaintiffs request a $15,000 appeal bond. They are not required to "provide an itemized breakdown of the anticipated appellate costs." Tait v. BSH Home Appliances Corp., No. CV 10-711-DOC, 2015 WL 12748268, at *2 (C.D. Cal. Oct. 19, 2015). And courts have found $15,000 to be a reasonable amount for an appeal bond in cases like this one. See, e.g., id.; In re Wachovia Corp. Pick-A-Payment Mortg. Mktg. & Sales Pracs. Litig., No. 09-md-2015-JF, 2011 WL 3648508, at *1 (N.D. Cal. Aug. 18, 2011) ($15,000 bond appropriate even when appellant-objector had limited resources). Thus, the Court finds Plaintiffs' request reasonable under the circumstances.

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for an appeal bond and **ORDERS** that Mariam "Mabel" Brown and David Lopez are jointly and severally responsible[4] for posting a single bond in the amount of $15,000 within ten business days.

**IT IS SO ORDERED.**

Dated: November 5, 2024

CHARLES R. BREYER
United States District Judge

---

[4] Brown's first Opposition to Plaintiffs' Motion for Bond identified a failure of service as to Lopez. Opp. ¶ 25. Plaintiffs withdrew and refiled their Motion—plus a Certificate of Service (dkt. 77)—and Brown's second Opposition (dkt. 83) does not assert that service was inadequate the second time around.